[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-10170
Non-Argument Calendar
_____

D.C. Docket No. 2:09-cv-01827-VEH


MELISSA K. LITTLE, et al.,

                                                        Plaintiffs,

JACQUELINE ROBINSON,
SEARCY CRAWFORD,

                                                        Plaintiffs - Appellants,

versus

T-MOBILE USA, INC.,

                                                        Defendant - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(August 22, 2012)

Before TJOFLAT, CARNES and JORDAN, Circuit Judges.

CARNES, Circuit Judge:

Jacqueline Robinson and Searcy Crawford, whom we will refer to as the plaintiffs, appeal the district court's order denying class certification of their proposed class action against T-Mobile USA, Inc. They contend that the district erred in concluding that T-Mobile did not waive its right to assert arbitration and class-action waiver defenses. Ironically, it is the plaintiffs' own waiver of an issue that controls the outcome of this appeal.

I.

The plaintiffs filed a proposed class action against T-Mobile asserting state-law claims of conversion, trespass to chattels, and unjust enrichment. They alleged that: (1) they had reported to T-Mobile that their cell phones had been lost or stolen; (2) an unknown person brought their lost or stolen phones to T-Mobile; and (3) T-Mobile unlawfully reactivated the phones without the plaintiffs' permission. The plaintiffs filed a motion for class certification of their conversion claim, proposing the following class:

> All persons within the United States of America who, within the last six years preceding the date of filing the original complaint in this case, reported a phone lost or stolen to T-Mobile and where T-Mobile later allowed the use of that lost or stolen phone by another person on T-Mobile's network.

2

We detour from the procedural history here to summarize some of the law governing class certification, which will provide context for our discussion of the district court's ruling on the certification motion. Before a district court may grant a motion for class certification, a plaintiff seeking to represent a proposed class must establish that the proposed class is "adequately defined and clearly ascertainable." DeBremaecker v. Short, 433 F.2d 733, 734 (5th Cir. 1970)[1]; cf. John v. Nat'l Sec. Fire & Cas. Co., 501 F.3d 443, 445 (5th Cir. 2007) ("The existence of an ascertainable class of persons to be represented by the proposed class representative is an implied prerequisite of Federal Rule of Civil Procedure 23.").

If the plaintiff's proposed class is adequately defined and clearly ascertainable, the plaintiff must then establish the four requirements listed in Federal Rule of Civil Procedure 23(a). Those requirements are:

> (1) the class is so numerous that joinder of all members is impracticable;
> (2) there are questions of law or fact common to the class;
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (4) the representative parties will fairly and adequately protect the interests of the class.

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

3

Fed. R. Civ. P. 23(a).  Those four requirements are commonly referred to as "numerosity, commonality, typicality, and adequacy of representation."  See, e.g., Valley Drug Co. v. Geneva Pharm., Inc., 350 F.3d 1181, 1188 (11th Cir. 2003).

In addition to establishing the Rule 23(a) requirements, a plaintiff must also establish that the proposed class satisfies at least one of the three requirements listed in Rule 23(b).  Fed. R. Civ. P. 23(b); Pickett v. Iowa Beef Processors, 209 F.3d 1276, 1279 (11th Cir. 2000).  In this case, the plaintiffs are pursuing certification under the third alternative requirement, Rule 23(b)(3).  Rule 23(b)(3) permits class certification if "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."  Fed. R. Civ. P. 23(b)(3) (emphasis added); see Fitzpatrick v. Gen. Mills, Inc., 635 F.3d 1279, 1282 (11th Cir. 2011).

We now return to the procedural history.  The district court denied the plaintiffs' motion for class certification on five grounds.  The first ground was that the plaintiffs had not satisfied their preliminary burden of establishing that their proposed class was clearly ascertainable.  The court reasoned, in part, that the plaintiffs had "made no effort to separate out those putative class members who

4

may very well be barred from pursuing class claims due to the existence of valid arbitration agreements or class action waivers that potentially prohibit such litigation." The court rejected the plaintiffs' contention that by substantially participating in the litigation T-Mobile had waived its right to assert arbitration and class-action waiver defenses.

The second ground on which the court denied class certification was that the plaintiffs had not satisfied the Rule 23(a)(1) numerosity requirement. The court reasoned that the plaintiffs had offered no evidence showing numerosity, nor made any "effort to account for those putative class members who waived their right to pursue relief against T-Mobile on a class-wide basis or who are bound by their agreement to arbitrate disputes with T-Mobile."

The third ground the district court stated for denying class certification was that the plaintiffs had failed to satisfy the predominance requirement in Rule 23(b)(3) because there were "significant state-wide variations in the law" of conversion and in the law regarding other issues, such as the enforceability of class-action waivers.

The fourth ground the court stated for denying class certification was that "damage-related concerns evidence a predomination of individualized inquiries and render the proposed class unfit for certification under Rule [23](b)(3)." The

5

court explained what those damage-related concerns were:

> Here, Plaintiffs contend that "in this era of Ebay and other public online sites selling used phones by the millions, determining a particular model phone's value is a relatively simple matter of online research." However, they certainly offer no concrete proposal or methodology about how to effectively and accurately manage such online research on a nationwide basis. For example, when conducting online research, would 2011 be the year to use for establishing the value for a used phone of a certain model or would the year in which the phone was misplaced or stolen be the more appropriate time frame? Plaintiffs also ignore how individualized issues relating to the age of the phone, what contents or applications were previously on the phone, and whether the original owner was a heavy or light user of the phone, might affect the value of the used phone. Additionally, Plaintiffs do not address whether loss of use of the phone should be compensable and, if so, suggest how it might be reduced to a formula-type calculation.

(Alteration and citation omitted.) The district court's determination that the plaintiffs had not established the predominance of common issues under Rule 23(b)(3) because of individual damage-related issues was an alternative, independent ruling. That determination provided an additional reason that the plaintiffs had not established the predominance of common issues. Class certification would have been denied for that reason regardless of the variations in state law relating to conversion and regardless of the enforceability of class-action waivers.

The fifth ground the district court stated for denying class certification was

6

that the plaintiffs had failed to establish superiority under Rule 23(b)(3).  The court based that determination, in part, on the plaintiffs' failure "to suggest how to manage the rather thorny issue of putative class members whose rights to litigate their conversion claims as part of a class proceeding in this forum may have been cutoff by either a class action waiver provision, an agreement to arbitrate, or both."

## II.

We review only for an abuse of discretion the district court's denial of class certification.  Hines v. Widnall, 334 F.3d 1253, 1255 (11th Cir. 2003).  "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures" in ruling on class certification, makes clearly erroneous factfindings, or applies the law "in an unreasonable or incorrect manner."  Klay v. United Healthgroup, Inc., 376 F.3d 1092, 1096 (11th Cir. 2004) (quotation marks omitted).

The plaintiffs contend that the district erred in concluding that T-Mobile did not waive its right to assert arbitration and class-action waiver defenses and, for that reason, the court abused its discretion in denying class certification.  We need not decide if the district court should have ruled that T-Mobile waived its right to assert those two defenses, however, because even if it did waive them the

7

plaintiffs cannot succeed in this appeal.  The plaintiffs cannot succeed in this appeal because they failed to challenge in their opening brief to this Court the district court's fourth ground for denying class certification:  its independent, alternative ruling that "damage-related concerns evidence a predomination of individualized inquiries and render the proposed class unfit for certification under Rule [23](b)(3)."  The plaintiffs' opening brief not only fails to argue the predominance issue involving variation in damages, it doesn't even mention the word "damages" except in passing to note that the complaint sought them. Appellants Br. 11.

By failing to challenge in their opening brief the district court's ruling that they failed to establish the predominance of common issues because of variations in damages, the plaintiffs have abandoned any contention that the court erred in denying class certification on that ground.  See Hamilton v. Southland Christian Sch., Inc., 680 F.3d 1316, 1318 (11th Cir. 2012) (holding that the defendant waived an affirmative defense by "by failing to list or otherwise state it as an issue on appeal"); Holland v. Gee, 677 F.3d 1047, 1066 (11th Cir. 2012) ("The law is by now well settled in this Circuit that a legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed." (alteration and quotation marks omitted)); G.J. v. Muscogee Cnty.

8

Sch. Dist., 668 F.3d 1258, 1263 n.2 (11th Cir. 2012) ("The Appellants do not appeal the district court's dismissal of the non-IDEA claims and have therefore abandoned any claim that the district court erred in doing so."); Mesa Air Grp., Inc. v. Delta Air Lines, Inc., 573 F.3d 1124, 1130 n.7 (11th Cir. 2009) (holding that an argument not made in the initial brief is waived); SmithKline Beecham Corp. v. Apotex Corp., 439 F.3d 1312, 1319 (11th Cir. 2006) ("[A]rguments not raised in the opening brief are waived."); United States v. Jernigan, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003) ("Under our caselaw, a party seeking to raise a claim or issue on appeal must plainly and prominently so indicate.  Otherwise, the issue—even if properly preserved at trial—will be considered abandoned."); Fed. Sav. & Loan Ins. Corp. v. Haralson, 813 F.2d 370, 373 n.3 (11th Cir. 1987) ("[I]ssues that clearly are not designated in the appellant's brief normally are deemed abandoned.").  As we have said, "it is not unduly harsh or overly burdensome to require parties to raise issues in their initial briefs." United States v. Smith, 416 F.3d 1350, 1354–55 (11th Cir. 2005) (quotation marks omitted).  It is not too much to ask.

The plaintiffs did argue in their opening brief that "[t]he district court's erroneous holding that T-Mobile did not waive [its arbitration and class-action waiver] defenses as to the class infected its entire Rule 23 analysis."  Appellants

9

Br. 29.  We do not interpret that statement as raising the issue of whether the district court erred in basing its predominance ruling on variation in damages.  The quoted language is not, as our decisions require, a statement that "plainly and prominently" indicates an intent to raise the damages and predominance issue, Jernigan, 341 F.3d at 1283 n.8, or that "clearly . . . designate[s]" the issue, Haralson, 813 F.2d at 373 n.3.

The plaintiffs not only failed to raise this issue in their opening brief, they also failed to raise it in their reply brief after T-Mobile had argued in its answer brief that one of the reasons we should affirm the denial of class certification was that variation in damages destroyed the predominance of common issues, as the district court had ruled.  Even if the plaintiffs had addressed the issue for the first time in their reply brief, it would have been too late.  United States v. Levy, 379 F.3d 1241, 1244 (11th Cir. 2004) ("[This Court] repeatedly has refused to consider issues raised for the first time in an appellant's reply brief."); United States v. Whitesell, 314 F.3d 1251, 1256 (11th Cir. 2002) ("We need not address this issue because Whitesell raises it for the first time in his reply brief.").  Letting the plaintiffs put forward their arguments on this issue for the first time in the reply brief would deprive T-Mobile of the "opportunity to reflect upon and respond in writing to [the plaintiffs'] arguments" and would deprive this Court of "the benefit

10

of written arguments." Hamilton, 680 F.3d at 1319. In any event, the plaintiffs did not make the argument in their reply brief.

Even if we generously interpret the statement in the plaintiffs' opening brief, which we have already quoted, see supra, as raising an argument that the district court erred in ruling that the predominance requirement was not met because of variation in damages, we would reject the argument. That language, at most, argues that the district court erred in its rulings about the waiver of the arbitration and class-action waiver defenses, and those erroneous rulings taint the damages/non-predominance ground of its decision. But the plaintiffs never adequately explain how. The closest they come is when they quote (in their reply brief) a metaphor from an opinion in another case: "Just as one bad ingredient can spoil a stew, one error of law can spoil an order." Gray v. Bostic, 625 F.3d 692, 697 (11th Cir. 2010) (Carnes, J., joined by Black, J., concurring in the denial of rehearing en banc); see Reply Br. 10. In the Gray case, however, there was no reason for the district court's decision that was untainted by the error of law. The district court in that case did not state independently adequate alternative grounds for its ruling; it blended a number of factors into its decision; the error involved a factor that was an inextricable part of the decision. See Gray ex rel. Alexander v. Bostic, 613 F.3d 1035, 1041 (11th Cir. 2010). That was why the error spoiled the

11

stew in <u>Gray</u>. Here, the district court's decision was not contained in a single pot with blended ingredients but instead was contained in a number of pots containing different ingredients. If a bad ingredient went into some of the pots, that would not spoil what was dished out of a pot that was free of the ingredient. The district court's ruling that "damage-related concerns . . . render[ed] the proposed class unfit for certification" was not based, in any way, on its conclusion that T-Mobile did not waive the right to assert arbitration and class-action waiver defenses. Even assuming those rulings about the non-waiver of defenses were error, they did not affect the ruling that individual damage-related issues predominated over common issues, rendering the class unsuitable for certification under Rule 23(b)(3).

In summary, we may assume that the district court was wrong about T-Mobile not waiving its arbitration and class-action waiver defenses, and wrong about whether the class was ascertainable and numerous, and wrong about the non-uniformity of conversion law in the fifty states, and wrong about a class action not being the superior method for adjudicating the case. Even with all of those assumptions, the denial of class certification would still not be an abuse of discretion unless the district court was also wrong about the variation in individual damages rendering the class unsuitable for certification on predominance grounds under Rule 23(b)(3). To the extent that the plaintiffs have attacked that ruling at

12

all, they have not put forth a persuasive reason for overturning it.  For that reason,

the district court's judgment stands.

**AFFIRMED.**[2]

---

[2] This appeal was originally scheduled for oral argument but was removed from the oral argument docket under 11th Circuit Rule 34-3(f).