[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 13-11184

D.C. Docket No. 2:11-cv-00573-WHA-CSC

LAWRENCE H. GUETTLER, JR.,

Plaintiff-Appellee,

versus

THE CITY OF MONTGOMERY,
a municipal corporation,
DORIAN BRUNSON,
JERRY PETTY,

Defendants-Appellants.

Appeal from the United States District Court for
the Middle District of Alabama

(March 21, 2014)

Before HULL, Circuit Judge, and Goldberg,[*] Judge, and Smith,[**] District Judge.

_____

[*] Honorable Richard W. Goldberg, United States Court of International Trade Judge, sitting by designation.

[**] Honorable C. Lynwood Smith, Jr., United States District Judge for the Northern District of Alabama, sitting by designation.

PER CURIAM:

Defendant-appellant the City of Montgomery ("the City") appeals from the district court's grant of judgment as a matter of law in plaintiff-appellee Lawrence Guettler's favor. The City also appeals from the district court's denial of the City's motion to alter the jury's damages award.

After review of the record and the briefs of the parties, and having the benefit of oral argument, we affirm.

## I. BACKGROUND

After a citizen complained about the state of plaintiff Guettler's property, the City began a process of notifying Guettler of the property's deficiencies and the City's intention to demolish the property if the deficiencies were not cured.

The state statute under which the City acted required the City to give Guettler (1) notice of the property's deficiencies and the City's intention to cure those deficiencies, (2) an opportunity to object at a City Council meeting, and (3) an opportunity to appeal the City Council's decision to demolish the property in the county court.

After complying with the first two state-law requirements, the City demolished the home on Guettler's property. Before it demolished the home, the City failed to notify plaintiff Guettler of the City Council's ultimate decision to

demolish the property and, thus, failed to afford Guettler an opportunity to appeal the decision in the county courts.

After the City demolished the home, plaintiff Guettler sued the City under 42 U.S.C. § 1983 for alleged violations of his Fourth and Fourteenth Amendment rights. Guettler alleged that the City violated his constitutional rights when it demolished the home without affording him notice of the deficiencies or unsafe characteristics of the home and without providing him an opportunity to appeal the City's decision to demolish the home.

The case proceeded to a jury trial. After the close of evidence, both parties moved for judgment as a matter of law. The district granted judgment as a matter of law in plaintiff Guettler's favor.

The court relied on two independent and alternative grounds to reach its conclusion. First, the court concluded that the City violated plaintiff Guettler's Fourteenth Amendment procedural due process rights. Second, the court concluded that the City violated Guettler's Fourth Amendment right to be free from unreasonable seizures.

The district court submitted the issue of damages to the jury. The jury awarded plaintiff Guettler $26,800 for diminution in property value and $7,500 for mental and emotional distress.

3

The City moved to alter or amend the amount of the jury's damages award for property value diminution.  The district court denied the City's motion.

The City timely appealed.

## II.  DISCUSSION

### A.    Judgment as a Matter of Law

To obtain reversal of a district court judgment that is based on multiple, independent grounds, an appellant must convince us that every stated ground for the judgment against him is incorrect.  "When an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed."  Sapuppo v. Allstate Floridian Ins. Co., 739 F.3d 678, 680 (11th Cir. 2014); Little v. T–Mobile USA, Inc., 691 F.3d 1302, 1306 (11th Cir. 2012).  That is the situation here.

In its brief on appeal, the City challenged the district court's conclusion that the City violated Guettler's Fourteenth Amendment due process rights.  The City did not challenge the district court's alternative, and independent, basis for granting judgment as a matter of law:  that the City also violated Guettler's Fourth Amendment right to be from an unreasonable seizure.  As a result, the City has abandoned any argument it may have had that the district court erred in concluding

4

that that the City violated Guettler's Fourth Amendment right.  See Sapuppo, 739 F.3d at 680.

Because the district court's Fourth Amendment finding is unchallenged on appeal, it follows that the district court's judgment as a matter of law is due to be affirmed.  See id. at 683.

**B.    Damages**

The City argues that the district court erred in denying the City's motion to alter the amount of property diminution damages awarded by the jury.  There was ample evidence from which the jury could have determined that the City's demolition of plaintiff Guettler's home reduced the property value by $26,800. For example, the jury heard live testimony regarding the property's pre- and post-demolition value and saw various tax records and appraisals.  The jury's damages award can be easily reconciled with the evidence presented at trial.

The district court did not abuse its discretion in declining to alter the damages award.  See Lamonica v. Safe Hurricane Shutters, Inc., 711 F.3d 1299, 1317 (11th Cir. 2013) ("We review the denial of a motion to alter or amend a judgment under Rule 59(e) for abuse of discretion." (internal quotation marks omitted)).

### III.  CONCLUSION

For the forgoing reasons, the district court's order granting judgment as a matter of law in plaintiff Guettler's favor is affirmed, and the district court's order denying the City's motion to alter the damages award is affirmed.

**AFFIRMED**.