[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-13590
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cv-00338-TWT


NORAH HAYES,
ANGELIA HAYES,

Plaintiffs-Appellants,

versus

THE BANK OF NEW YORK MELLON,
as Trustee for the Certificate Holders of CWABS Inc.,
Asset - Backed Certificates, Series 2005 - 13,
f.k.a. The Bank of New York,
MCCALLA RAYMER, LLC,
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(January 30, 2015)

Before JORDAN, JILL PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Norah and Angelia Hayes appeal the district court's dismissal of their complaint for failure to state a claim. They first assert the district court erred by denying their motion to remand the case to state court, because the district court lacked jurisdiction over their claims and over any action involving a national bank. Alternatively, they contend the district court erred by dismissing their complaint, which arose out of the foreclosure of their home loans, because the claims were barred by *res judicata*. After review,[1] we affirm the district court.

## I. DISCUSSION

### A.  *Jurisdiction*

The Hayeses argue that, pursuant to 28 U.S.C. § 1349, the district court lacked jurisdiction over Mellon, a national bank that is incorporated and operates under the laws of the United States. Additionally, they contend that, although they cited federal statutes, the district court did not have federal question jurisdiction.

Under 28 U.S.C. § 1441, a defendant may remove a claim to federal court "if the case could have been filed in federal court originally." *Hill v. BellSouth Telecomm., Inc.*, 364 F.3d 1308, 1314 (11th Cir. 2004). District courts have

---

[1] This Court reviews *de novo* whether a district court had federal subject matter jurisdiction following removal. *Castleberry v. Goldome Credit Corp.*, 408 F.3d 773, 780-81 (11th Cir. 2005). This Court also reviews *de novo* a grant of a motion to dismiss, under Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim. *Glover v. Liggett Grp., Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006).

"federal question jurisdiction over 'all civil actions arising under the Constitution, laws, or treaties of the United States.'" *Id.* (quoting 28 U.S.C. § 1331). A claim "arises under" federal law when "the face of the plaintiff's properly pleaded complaint" presents a federal question. *Id.* (quotations omitted). A district court may also exercise supplemental jurisdiction over state-law claims that form part of the federal "case or controversy," or, more specifically, "arise out of a common nucleus of operative fact with a substantial federal claim." *Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 742-43 (11th Cir. 2006); *see* 28 U.S.C. § 1367. Additionally, "[t]he district courts shall not have jurisdiction of any civil action by or against any corporation upon the ground that it was incorporated by or under an Act of Congress, unless the United States is the owner of more than one-half of its capital stock." 28 U.S.C. § 1349.

The district court had subject matter jurisdiction over the Hayes's complaint. The complaint alleged violations of several federal statutes, including the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, Real Estate Settlement Procedures Act, 12 U.S.C. § 2605(e), and Truth in Lending Act, 15 U.S.C. § 1641. The court could also exercise supplemental jurisdiction over the accompanying state law claims, since both the state and federal claims were based on the same allegations regarding the Hayes's Adjustable Rate Mortgage. Further, § 1349 did not preclude removal of the case to federal court, because the defendants at no time

3

alleged the sole basis for federal jurisdiction was a company's "incorporation by or under an Act of Congress." 28 U.S.C. § 1349. Instead, they correctly argued the district court had jurisdiction over the various claims in the complaint under 28 U.S.C. §§ 1367, 1441. Therefore, the defendants properly removed the case to federal court. *Parker*, 468 F.3d at 742-43; *Hill*, 364 F.3d at 1314.

## B.  Dismissal of Complaint

The Hayeses also contend the district court erred by finding their claims were barred by *res judicata*. They contend the district court lacked jurisdiction to enter a final order in their previous lawsuit, and, accordingly, no valid judgment precluded the claims presented in the current complaint.

"When an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, [they are] deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014) (citing *Little v. T-Mobile USA, Inc.*, 691 F.3d 1302, 1306 (11th Cir. 2012). "A party fails to adequately brief a claim when he does not plainly and prominently raise it, for instance by devoting a discrete section of his argument to those claims." *Id.* at 681 (quotations omitted). Additionally, a party can abandon a claim by only making passing references to it in the "statement of the case" or "summary of the argument" section. *Id.*

4

In its order, the district court dismissed the Hayes's complaint for the reasons indicated in the magistrate judge's report, namely that it failed to state a cognizable claim, and the magistrate judge's report did not mention *res judicata*. Accordingly, we need not address whether the district court erred by finding that the claims were also barred by *res judicata*, because it dismissed the complaint under Federal Rule of Civil Procedure 12(b)(6), which the Hayeses do not challenge on appeal. As such, they have abandoned any challenge to the dismissal of their complaint by failing to challenge each basis for its dismissal. *Sapuppo*, 739 F.3d at 680. Thus, we affirm the dismissal of the Hayes's complaint.

**AFFIRMED.**