[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-15951
Non-Argument Calendar
_____

D.C. Docket Nos. 2:10-cv-08019-IPJ; 2:07-cr-00118-IPJ-MHH-1

JOHN FORREST COON,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(April 3, 2015)

Before MARCUS, JULIE CARNES and JILL PRYOR, Circuit Judges.

PER CURIAM:

John Forrest Coon, a federal prisoner serving a 180-month total sentence for

possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1),

appeals the district court's denial of his pro se motion to vacate, set aside, or

correct sentence, filed pursuant to 28 U.S.C. § 2255.  The district court granted Coon a certificate of appealability ("COA") on all of the issues that he raised, including the issues he raises on appeal: that (1) his sentence was incorrectly enhanced under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e); (2) he received ineffective assistance of counsel because counsel did not adequately research his criminal history and oppose the ACCA enhancement; (3) the district court abused its discretion in denying his § 2255 motion without an evidentiary hearing; (4) the district court violated Clisby v. Jones, 960 F.2d 925 (11th Cir. 1992) (en banc), by not addressing all of his constitutional claims; and (5) the district court erred generally in denying all other claims he asserted in his § 2255 motion.   After thorough review, we affirm.

In reviewing the denial of a § 2255 motion to vacate, we review questions of law de novo and findings of fact for clear error.  Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004).  A claim of ineffective assistance of counsel is a mixed question of law and fact that we review de novo.  Devine v. United States, 520 F.3d 1286, 1287 (11th Cir. 2008).  We review the district court's denial of an evidentiary hearing in a § 2255 proceeding for abuse of discretion.  Winthrop-Redin v. United States, 767 F.3d 1210, 1215 (11th Cir. 2014).  A district court abuses its discretion if it applies an incorrect legal standard, applies the law in an unreasonable or incorrect manner, follows improper procedures in making a

determination, or makes findings of fact that are clearly erroneous. Id. We liberally construe pro se filings, including pro se applications for relief pursuant to § 2255. Id. Nevertheless, arguments not raised in an appellant's initial brief are abandoned. Little v. T-Mobile USA, Inc., 691 F.3d 1302, 1306 (11th Cir. 2012). We may affirm for any reason, even if it was not relied on by the district court. Turner v. Warden Coleman FCI (Medium), 709 F.3d 1328, 1333 (11th Cir. 2013).

First, we conclude that Coon has procedurally defaulted his ACCA claim, and has failed to show ineffective assistance of counsel concerning this claim. Under the procedural default rule, a defendant generally must advance an available challenge to a criminal conviction on direct appeal or the defendant is barred from raising that claim in a motion to vacate. McKay v. United States, 657 F.3d 1190, 1196 (11th Cir. 2011). A procedural default may be excused, however, if either exception applies: (1) cause and actual prejudice, or (2) actual innocence. Bousley v. United States, 523 U.S. 614, 622 (1998). "In procedural default cases, the question is not whether legal developments or new evidence has made a claim easier or better, but whether at the time of the direct appeal, the claim was available at all." Lynn, 365 F.3d at 1235. Ineffective assistance of counsel may satisfy the cause exception to a procedural bar, so long as the ineffective assistance claim has merit. United States v. Nyhuis, 211 F.3d 1340, 1344 (11th Cir. 2000).

3

To prove ineffective assistance of counsel, a defendant must show that: (1) counsel's performance was constitutionally deficient, and (2) he was prejudiced as a result. Strickland v. Washington, 466 U.S. 668, 687 (1984). To establish prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. Once a court has found that the defendant fails to establish either prong, it need not address the remaining prong. Id. at 697.

It is well-settled that the failure to anticipate a change in the law will not support a claim for ineffective assistance of counsel. United States v. Ardley, 273 F.3d 991, 993 (11th Cir. 2001). The rule applies even if the claim, based upon anticipated changes in the law, was reasonably available at the time counsel failed to raise it. See Pitts v. Cook, 923 F.2d 1568, 1572-74 (11th Cir. 1991) (holding that, even though a claim based upon Batson v. Kentucky, 476 U.S. 79 (1986), was reasonably available to counsel at the time of the 1985 trial, failure to anticipate the Batson decision and raise that claim was not ineffective assistance of counsel).

A person convicted of knowingly violating § 922(g)(1) shall be imprisoned "not more than ten years." 18 U.S.C. § 924(a)(2). The ACCA enhancement, however, imposes a 15-year mandatory minimum sentence on a defendant who violates § 922(g) after at least 3 convictions for violent felonies or serious drug

offenses committed on different occasions. Id. § 924(e). State law controls the definition of a "conviction" under the ACCA. Id. § 921(a)(20). In Alabama, a person is "convicted" for the purposes of the state's Habitual Felony Offender Act ("HFOA") if there was an "adjudication of guilt," but that phrase does not require exact and specific terminology. Morgan v. State, 733 So.2d 940, 943 (Ala.Cr.App. 1999). Instead, "where the record shows that the appellant pleaded guilty in court in the presence of his attorney and a sentencing order was then filed, as acknowledged by the circuit court, this must be construed as an adjudication of guilt in order to prevent absurdity, hardship, or injustice, and to favor public convenience." Id. (quotations and footnote omitted). Thus, Alabama's HFOA deems a party to have been "convicted" where the record clearly shows that the party was adjudicated guilty, even if the exact term was not used. Id. at 944.

The ACCA defines a "violent felony" as any offense punishable by more than one year of imprisonment, and that falls into one of these three categories: (1) those offenses that have as an element the use, attempted use, or threatened use of physical force against another ("elements clause"); (2) those offenses that are "burglary, arson, or extortion, or involve[] use of explosives" ("enumerated offenses clause"); and (3) those offenses apart from the enumerated offenses that nonetheless present a serious potential risk of physical injury to another ("residual clause"). See 18 U.S.C. § 924(e)(2)(B); United States v. Petite, 703 F.3d 1290,

5

1293 (11th Cir. 2013). We've previously held that a Florida conviction for third-degree burglary constituted a violent felony under the ACCA's residual clause. United States v. Matthews, 466 F.3d 1271, 1274-75 (11th Cir. 2006).

At the time of Coon's third-degree escape conviction, a person committed first-degree escape under Alabama law "if he escape[d] or attempt[ed] to escape from custody," Ala. Code § 13A-10-33 (1991), and the escape or attempt did not involve, among others, physical force, a threat of physical force, an escape from custody imposed pursuant to a felony conviction, or an escape from a penal facility. Id. § 13A-10-31-32 (1991) (describing first- and second-degree escape). In 2001, we held that escape was a "crime of violence" under the residual clause of U.S.S.G. § 4B1.2. United States v. Gay, 251 F.3d 950, 954-55 (11th Cir. 2001).[1] We agreed with the reasoning of other Circuits holding that escape convictions -- even "walkaway escapes" from unsecured corrections facilities -- involved conduct presenting "a serious potential risk of physical injury to another." See id.

In early 2009, the Supreme Court determined that "failure to report" for periodic custody under Illinois law was not an ACCA violent felony. Chambers v. United States, 555 U.S. 122, 127-30 (2009). In reaching that decision, the Supreme Court acknowledged that the statute at issue separately described multiple

---

[1] We have repeatedly read the definition of a "violent felony" under § 924(e) as "virtually identical" to the definition of a "crime of violence" under § 4B1.2. United States v. Archer, 531 F.3d 1347, 1352 (11th Cir. 2008) (quotation omitted).

6

behaviors, and held that escape and failure to report constituted two separate crimes. Id. at 126-27. It then determined that failure to report did not fall within the ACCA's residual clause because it "amount[ed] to a form of inaction, a far cry from the purposeful, violent, and aggressive conduct potentially at issue when an offender uses explosives against property, commits arson, burgles a dwelling or residence, or engages in certain forms of extortion." Id. at 128 (quotation omitted). In light of Chambers, we revisited the issue of whether all escape convictions qualify as violent felonies under the ACCA's residual clause in United States v. Lee, 586 F.3d 859, 869 (11th Cir. 2009). Ultimately, we held that a non-violent walkaway escape from unsecured custody was not sufficiently similar in kind or degree of risk posed to the ACCA's enumerated crimes to bring it within the ACCA's residual clause. Id. at 874.

Here, because Coon did not argue that he was improperly sentenced as an armed career criminal on direct appeal, he has procedurally defaulted on this claim unless his default is excused by either actual innocence or cause and prejudice. Bousley, 523 U.S. at 622. He does not argue actual innocence in his initial brief, so he has abandoned that argument. Little, 691 F.3d at 1306. He does, however, argue ineffective assistance of counsel, which can excuse a procedural default. Nyhuis, 211 F.3d at 1344. Nevertheless, his procedural default is not excused by ineffective assistance of counsel because he cannot show Strickland prejudice.

7

Coon first claims that his counsel was ineffective in contesting his ACCA enhancement because one of his predicate violent felony convictions -- the Alabama third-degree escape conviction -- no longer qualifies as a violent felony under the ACCA. But at the time of his sentencing and direct appeal, we had stated that escape was a crime of violence under § 4B1.2, indicating that it was also a violent felony under the ACCA. See Gay, 251 F.3d at 954-55; Archer, 531 F.3d at 1352. While Lee ultimately held that the type of escape contemplated by Alabama's third-degree escape statute was not a violent felony in light of Chambers, see Lee, 586 F.3d at 874; Ala. Code § 13A-10-33 (1991), Coon's appellate counsel was not ineffective for failing to anticipate a change in the law, see Ardley, 273 F.3d at 993; Pitts, 923 F.2d at 1572-74. Nor was counsel ineffective for failing to raise on direct appeal the argument that Coon was never "convicted" of third-degree escape under Alabama law. Indeed, even if Coon is correct that Morgan's definition of a "conviction" under the HFOA is the controlling state law definition of "conviction," the case action summary showed that he entered a plea of guilty and was subsequently sentenced to 15 years in prison, which is sufficient to constitute a conviction under Morgan.

As for Coon's arguments concerning his Florida burglary conviction, we recognize that the government now admits that the presentence investigation report improperly listed as one of Coon's predicate felonies a Florida burglary of a

8

dwelling conviction instead of a Florida third-degree burglary conviction. Regardless, we've previously determined that third-degree burglary under Florida law is a violent felony under the ACCA's residual clause. Matthews, 466 F.3d at 1274-75. What's more, we issued that decision in 2006, two years before Coon's sentencing and direct appeal. Therefore, even if counsel was deficient for failing to contest whether the conviction was listed improperly, there is no reasonable probability of a different result at sentencing. See Strickland, 466 U.S. at 688-89.

In short, the record contains at least three ACCA predicate felonies -- two Florida burglary convictions and one escape conviction -- for which we can find no ineffective assistance of counsel violations. Accordingly, the procedural default of his claim that he was erroneously sentenced using the ACCA enhancement is not excused by cause and prejudice stemming from ineffective assistance of counsel. And for the same reasons we've already discussed, Coon's argument that the district court erred in denying his ineffective assistance of counsel claims also fails.

We likewise find no merit to Coon's claim that the district court abused its discretion by denying him an evidentiary hearing on his § 2255 motion. Once a petitioner files a § 2255 motion, unless the motion and the files and records of the case conclusively show that the petitioner is entitled to no relief, the court shall grant a hearing to determine the issues and make findings of fact and conclusions of law with respect thereto. Winthrop-Redin, 767 F.3d at 1216 (citing 28 U.S.C. §

9

2255(b)).  A petitioner is entitled to an evidentiary hearing if he alleges reasonably specific, non-conclusory facts that, if true, would entitle him to relief.  Id.  A district court need not hold a hearing if the allegations are patently frivolous, based upon unsupported generalizations, or affirmatively contradicted by the record.  Id.

This argument, however, is not within the scope of Coon's COA. While the district court granted a COA as to all claims that Coon had raised in his motion, neither the original order granting a COA, nor the subsequent order expanding and/or clarifying the COA included a claim that the district court abused its discretion in not holding an evidentiary hearing.  As a result, the issue of whether the district court abused its discretion by not holding an evidentiary hearing is not subject to appellate review.  See Murray v. United States, 145 F.3d 1249, 1250-51 (11th Cir. 1998) (holding that review is limited to the issues specified in the COA, and does not include all of the issues that an unsuccessful § 2255 petitioner wishes to explore).  But even if we were to consider the evidentiary-hearing claim, Coon was not entitled to that form of relief, since the record conclusively shows that he was not entitled to relief on any of the underlying claims in his § 2255 motion. Winthrop-Redin, 767 F.3d at 1216.  As a result, the district court did not abuse its discretion by not holding an evidentiary hearing.  Id.

Next, we reject Coon's claim that the district court failed to address all of the claims in his § 2255 motion.  In Clisby, we exercised our supervisory authority

10

over the district courts and instructed them to resolve all claims for relief raised in habeas corpus petitions brought under 28 U.S.C. § 2254, regardless of whether habeas relief was granted or denied.  960 F.2d at 936.  When a district court fails to address all of the claims in a habeas petition, we "will vacate the district court's judgment without prejudice and remand the case for consideration of all remaining claims whenever the district court has not resolved all such claims."  Id. at 938. We have extended Clisby to motions to vacate filed by federal prisoners under § 2255.  Rhode v. United States, 583 F.3d 1289, 1291 (11th Cir. 2009).

Here, Coon argues that the district court violated Clisby by not determining whether counsel had adequately investigated his criminal history.  However, the district court addressed whether Coon received ineffective assistance of counsel, and determined that he was not prejudiced by either trial counsel or appellate counsel's performance.  Since the district court determined that Coon had not suffered prejudice by counsel's performance, it did not have to address the performance prong, which included the issue that Coon asserts that the court erred by not addressing.  Strickland, 466 U.S. at 697.

Finally, we conclude that Coon has abandoned the remaining arguments he briefly mentions in his brief.  The argument section of an appellant's brief must contain the appellant's contentions and reasons for them, with citations to the authorities and parts of the record on which the appellant relies.  Fed.R.App.P.

11

28(a)(8)(A). "Issues raised in a perfunctory manner, without supporting arguments and citation to authorities, are generally deemed to be waived." <u>N.L.R.B. v. McClain of Georgia, Inc.</u>, 138 F.3d 1418, 1422 (11th Cir. 1998).

Coon's argument that the district court erred in denying all of the other claims in his § 2255 motion does not cite relevant authority, does not contain elaboration as to why the district court erred, and is generally perfunctory in manner. Therefore, Coon has waived the argument. Fed.R.App.P. 28(a)(8)(A); <u>McClain of Georgia, Inc.</u>, 138 F.3d at 1422.

**AFFIRMED**.