[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-14280
Non-Argument Calendar
_____

D.C. Docket No. 6:15-cv-00474-ACC-DAB

KEVIN PETER WARD,
individually and on behalf of
all others similarly situated,

                                        Plaintiff - Appellant,

versus

EZCORP, INC.,
EZPAWN FLORIDA, INC.,
d.b.a. Value Pawn and Jewelry,

                                        Defendants - Appellees,

VALUE FINANCIAL SERVICE, INC.,

                                        Defendant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(March 8, 2017)

Before MARCUS, JULIE CARNES and BLACK, Circuit Judges.

PER CURIAM:

Kevin Ward appeals the district court's denial of class certification in his action alleging that EZPawn Florida, Inc. d/b/a Value Pawn and Jewelry and EZCorp, Inc. (EZPawn) engaged in unfair and deceptive business practices. Ward alleges EZPawn violated the Florida Pawnbroking Act, which provides that a pawnbroker can assess a $2 fee if a pledgor does not present a pawn ticket when retrieving pledged property. Fla. Stat. § 539.001(13)(b). Ward asserts this $2 fee can be collected only if the pawnbroker has obtained a written statement, signed by both the pledgor and the pawnbroker, of the loss, destruction, or theft of the pledgor's copy of the pawn ticket. Ward alleges that EZPawn unfairly charged him and other EZPawn pledgors $2 fees without obtaining a jointly-signed written statement.

We review an order denying class certification for abuse of discretion. *Hines v. Widnall*, 334 F.3d 1253, 1255 (11th Cir. 2003). The district court abuses its discretion when it "fails to apply the proper legal standard or to follow proper procedures in making the determination, or makes findings of fact there are clearly erroneous." *Heffner v. Blue Cross and Blue Shield of Alabama, Inc.*. 443 F.3d 1330, 1337 (11th Cir. 2006) (quotations omitted).

2

After reviewing the record and the parties' briefs, we conclude there was no abuse of discretion by the district court in denying class certification. *See Little v. T-Mobile USA, Inc.*, 691 F.3d 1302, 1304 (11th Cir. 2012) (explaining a plaintiff seeking class certification must satisfy the implicit and explicit requirements of Federal Rule of Civil Procedure 23). Specifically, we agree with the district court that Ward could not show the class was "clearly ascertainable," an implicit requirement of Rule 23. *See id.* (stating the existence of an ascertainable class of persons to be represented by the class representative is an implicit prerequisite of Rule 23). Ward's proposed identification of class members cannot sort who was charged the $2 fee in connection with a missing pawn ticket from those that were charged regardless of presenting a pawn ticket. The district court noted this distinction is important because a pledgor that presents a pawn ticket will have no need for a written statement because written statements are used to show that a pawn ticket is missing. We also agree with the district court's finding the class does not meet the explicit requirement of typicality. *See* Fed. R. Civ. P. 23(a)(3). The class definition is broad enough to include class members that suffered harms different than Ward's harm. Accordingly, we affirm the district court's order denying class certification.

**AFFIRMED.**

3