[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-15584

_____

D.C. Docket No. 1:15-cv-00335-LMM


NOVUM STRUCTURES, LLC,

Plaintiff-Counter Defendant - Appellant,

versus

CHOATE CONSTRUCTION COMPANY, INC.,

Defendant-Counter Claimant - Appellee.


_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(October 6, 2017)

Before JULIE CARNES and JILL PRYOR, Circuit Judges, and CONWAY,[*]
District Judge.

_____

[*] Honorable Anne C. Conway, United States District Judge for the Middle District of Florida,
sitting by designation.

PER CURIAM:

Novum Structures, LLC, appeals the district court's denial of its summary judgment motion seeking to bar an indemnity claim against it based on res judicata. Choate Construction Company, the general contractor for the renovation of an athletic coliseum at the University of Georgia, subcontracted to Novum the fabrication and installation of large specialty panes of tempered glass. The subcontract required Novum to defend and indemnify Choate against all claims for damages concerning the panes; it also required Novum to repair and replace any broken glass panes due to a "latent defect."

When five panes broke after installation, the university asserted its claims against Choate for the broken panes, and Choate in turn sought indemnity under the subcontract from Novum in an arbitration proceeding. After the arbitration hearing concluded[2], Choate learned that a sixth glass pane had broken. The arbitrator awarded $673,166 in favor of Choate, and Novum paid the award. Subsequently, a seventh glass pane broke. Choate demanded damages from Novum for the cost to repair the sixth and seventh broken panes.

Novum filed a declaratory judgment action in the Superior Court of Fulton County, Georgia, alleging the arbitrator's award on the five broken panes had

---

[2] The sixth glass pane broke three weeks after evidence in the arbitration closed, and a few days before the arbitrator issued the final award. The arbitrator denied Choate's request to reopen the arbitration to consider evidence related to the sixth break.

2

resolved all claims against Novum for broken panes based on res judicata. Choate removed the action to federal district court and counterclaimed for a declaratory judgment that Novum was required to defend and indemnify Choate for the defects in the broken panes based on the prior arbitration award. Choate also alleged a claim for breach of the subcontract for defective glass and for failure to repair and replace the sixth and seventh panes. Both parties moved for summary judgment on their respective claims. The district court denied Novum's summary judgment motion based on res judicata, but granted to Choate summary judgment on both its indemnity claim and on its claim for breach of the subcontract, finding Novum had supplied defective glass and had failed to repair the defective work in the sixth and seventh broken panes. The district court specifically noted that Novum had failed to oppose Choate's summary judgment motion on its counterclaim for breach of the subcontract and had admitted that it had failed to provide Choate with any defense or indemnification, had provided defective glass, and had failed to repair and replace the sixth and seventh breaks.

Although Novum appealed the denial of its own summary judgment motion, it failed to appeal the district court's grant of summary judgment to Choate on its separate counterclaim for breach of contract for Novum's provision of defective materials and failure to repair the broken panes. "To obtain reversal of a district court judgment that is based on multiple, independent grounds, an appellant must

3

convince us that every stated ground for the judgment against [it] is incorrect." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014).

Novum limited the analysis in its initial appeal brief[3] exclusively to whether res judicata barred Choate's claim for defense and indemnification, and did not appeal the district court's finding that Novum had breached the subcontract's separate clause requiring Novum to repair the defective materials in the sixth and seventh breaks. An appellant who fails to challenge one of the grounds on which the district court based its judgment is deemed to have abandoned any challenge of that ground, and the judgment is due to be affirmed. *Little v. T–Mobile USA, Inc.*, 691 F.3d 1302, 1306 (11th Cir. 2012).

**AFFIRMED**.

---

[3] Novum argued for the first time in its reply brief that the arbitration award had preclusive effect for "every type of claim" Choate could have raised. We do not address arguments raised for the first time in a reply brief or in a perfunctory manner without support. *See Sapuppo*, 739 F.3d at 680–82.