[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-12156

Non-Argument Calendar

_____

SIERRA N. CASTLE,

Plaintiff-Appellant,

*versus*

COBB COUNTY, GEORGIA,
NEIL WARREN,
in his individual capacity,
SHERIFF, COBB COUNTY,
in official capacity,
COL. JANET PRINCE,
as Division Commander of the Cobb County
Adult Detention Center, et al.,

2                    Opinion of the Court                    22-12156

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:19-cv-01406-JPB

_____

Before WILSON, LUCK, and ANDERSON, Circuit Judges.

PER CURIAM:

Sierra Castle appeals the dismissal of her lawsuit brought pursuant to § 1983, the Americans with Disabilities Act ("ADA"), the Rehabilitation Act ("RA"), and Georgia law, as well as the district court's denial of her motion to amend her complaint. On appeal, Castle argues that the district court erred when it first dismissed some of her claims because she used fictitious party names and did not allow for limited discovery and then denied her motion to amend her complaint when she discovered the names of some of the defendants. She also argues that the district court erred when it dismissed her disability claims against the named defendants because she was barred under that Act's transsexual exception even though she did not allege she was transsexual in her complaint.

I.

Castle brought this lawsuit after spending the night in the Cobb County Adult Detention Center where several of the deputies allegedly denied her transgender status and harassed her. In her initial complaint, Castle did not know the identities of the several deputies so she listed them as John and Jane Does. The district court, in its February 2020 order, dismissed without prejudice the claims against the fictitious-named parties, allowing Castle to refile those counts with proper identification of the Doe defendants. In February 2022, Castle filed a motion for leave to amend her complaint and add parties, having discovered the identities of two of the deputies. The district court denied the motion, holding that the amendment would be futile because the statute of limitations for the actions had passed and the relation-back doctrine did not apply.

This court has recognized an exception to the general prohibition on fictitious party pleading when the plaintiff's description of an unnamed defendant is very specific. *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010). Indeed, we have stated that the description must be "so specific as to be 'at the very worst, surplusage.'" *Id.* (quoting *Dean v. Barber*, 951 F.2d 1210, 1215–16 (11th Cir. 1992). The description of a defendant is sufficiently specific when it is clear enough to allow service of process on a defendant. *Dean*, 951 F.2d at 1216.

This Court has acknowledged that whether "it [i]s clear that discovery would uncover [a] defendant's identity" is a relevant consideration when determining whether a plaintiff can pursue a claim

against an unnamed defendant.  *Id.*    In *Dean*, the pro se plaintiff "brought to the attention of the court that [he] had yet to receive Sheriff Bailey's report, which would have provided [him] with the information needed to specifically name the 'Chief,'" his fictitiously named defendant.  *Id.*   We have required an unambiguous description of a defendant that enables service of process. *Id.*

Here, Castle argues that the district erred when it dismissed her claims against the fictitious defendants.  But our law is clear that the unnamed defendant must be clearly described so as to be subject to service of process even without a name.  Here, even considering the further descriptions of the unnamed defendants in the body of the complaint, the descriptions are insufficient to meet that burden.  The complaint provided each unnamed defendant's rank and gender.  The complaint further recounted the behavior of each of the unnamed defendants but those actions do not give descriptions of the defendants that are specific enough to enable service of process.

Next, Castle argues the district court should have provided her with discovery to learn the identities of the unnamed defendants.  However, Castle never explained below what efforts she took to identify the unnamed defendants before the motion to dismiss was filed and the efforts she ultimately undertook were after the defendants were dismissed.  Without any showing that "discovery would uncover [a] defendant's identity," *id.*, we cannot say that the district court abused its discretion when it did not order discovery at the time of the claims' dismissal without prejudice.

Finally, Castle argues that the district court should have allowed her to amend her complaint when she discovered the identities of two of the unnamed defendants because the interests of justice weighed in her favor. The district court denied her motion on the grounds of futility because the statute of limitations had run on all of her claims against the unnamed defendants. The court further held that the claims could not be revived under the relation-back doctrine, pursuant to Federal Rule of Civil Procedure 15(c)(1). Castle, however, does not argue that the district court's relation-back analysis was deficient; rather, she argues that the district court's error in dismissing the claims and not allowing for discovery caused the futility and thus the interests of justice should allow the complaint's amendment.

As discussed above, we do not think that the district court erred or abused its discretion. Further, the relation-back doctrine would not allow substitution of parties in this case: under either Rule 15(c)(1)(A) or (c)(1)(C), the now-named defendants needed to have notice of the lawsuit or should have known of the lawsuit. *See* Fed.R.Civ.P. 15(c)(1)(A), Fed.R.Civ.P. 15(c)(1)(C), O.C.G.A. § 9-11-15(c). Below Castle did not argue that the newly discovered defendants had notice and in fact, they filed affidavits attesting to their lack of knowledge of the suit or Castle. Because the putative defendants never received notice of the lawsuit there was no relation-back for the purposes of the statute of limitations and the district court did not err.

6                    Opinion of the Court                    22-12156

II.

Having rejected Castle's claims against the fictitious parties, we turn to her disability claims against the named defendants. Castle argues that the district court erred when it dismissed her disability claims against the named supervisory defendants for failure to state a claim because it fell under the transsexual exception. However, the district court granted the Defendants' motion to dismiss these claims on two separate and independent bases: (1) the aforementioned exception; and (2) that she failed to allege that the named defendants had intentionally discriminated against her or knew of the alleged discrimination and failed to act. *See Liese v. Indian River Cnty. Hosp. Dist.*, 701 F.3d 334, 349 (11th Cir. 2012). Castle does not challenge the second reason on appeal.

> To obtain reversal of a district court judgment that is based on multiple, independent grounds, an appellant must convince us that every stated ground for the judgment against him is incorrect. When an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed.

*Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014) (citing *Little v. T–Mobile USA, Inc.*, 691 F.3d 1302, 1306 (11th Cir. 2012)). Because Castle failed to challenge the separate and independent alternate holding, we can affirm on the basis thereof.

22-12156                Opinion of the Court                    7

Accordingly, we need not address the issue of the transsexual exception.

 For the foregoing reasons,[1] the judgment of the district court is

AFFIRMED.

---

[1] Castle has not challenged the other rulings of the district court—e.g. its dismissal of Cobb County—and therefore has abandoned same.