[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-10035

Non-Argument Calendar

_____

ATTAULLAH BHATTI,

Petitioner,

*versus*

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A079-415-489

_____

Before LUCK, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Attaullah Bhatti petitions for review of the Board of Immigration Appeals's order denying his fourth motion to reopen removal proceedings. We deny the petition.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Bhatti is a citizen of Pakistan. He entered the United States in 2001 through Miami's international airport without valid entry documentation. The Immigration and Naturalization Service mailed Bhatti a notice to appear in removal proceedings. This notice charged Bhatti as removable. It also ordered that he appear in an immigration court on a date and time "to be determined." The immigration court later mailed Bhatti a second notice—a notice of hearing—specifying that an initial hearing would be held on February 7, 2003 at 1:00 P.M.

The initial hearing was held as scheduled, and two additional hearings were held later in 2003 and 2005. Bhatti appeared and conceded that he was removable. He separately applied for relief from removal—specifically, asylum and other relief under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment. Bhatti maintained that if he were removed to Pakistan, he would face persecution because of his political opinions.

On November 7, 2005, the immigration judge denied Bhatti's application for relief from removal and ordered that he be removed to Pakistan. Bhatti appealed this removal order to the board. But on May 7, 2007, the board adopted and affirmed the removal order. Bhatti did not petition this court for review of that decision.

Between August 2007 and June 2014, Bhatti filed three separate motions requesting that the board reopen his removal proceedings. The first motion argued that new evidence justified reopening proceedings, and the second and third motions argued that changed conditions in Pakistan justified reopening. The board denied each motion. Bhatti did not petition this court for review of those denials.

Then on November 29, 2021, Bhatti filed a fourth motion to reopen proceedings "based on *Niz-Chavez v. Garland*." *See* 593 U.S. 155 (2021). Bhatti argued—for the first time since removal proceedings began—that his notice to appear "fail[ed] to comply with the requirements of 8 U.S.C. [section] 1229(a)(1)" because it didn't specify a date and time to appear in immigration court. And *Niz-Chavez*, he contended, abrogated board precedent holding that a notice of hearing specifying the date and time cures that defect and triggers 8 U.S.C. section 1229b(d)(1)'s "stop time" rule. *See* 8 U.S.C. § 1229b(d)(1) ("[A]ny period of continuous residence or continuous physical presence in the United States shall be deemed to end . . . except in the case of an alien who applies for cancellation of removal . . . , when the alien is served a notice to appear under

section 1229(a) of this title . . . .").  He argued that because his notice to appear and hearing never triggered the stop time rule, he has maintained a continuous physical presence in the United States for more than ten years, making him eligible for removal cancellation under section 1229b(b)(1).

The board denied Bhatti's motion for three different reasons.  First, the board concluded that the motion was untimely under 8 U.S.C. section 1229a(c)(7)(C)(i).  The board explained that section 1229a(c)(7)(C)(i) requires that an alien move to reopen removal proceedings within ninety days of the final removal order, but the board had adopted the immigration court's removal order in 2007.  Second, the board concluded that Bhatti's motion was "number barred" under section 1229a(c)(7)(A), which, subject to an exception for battered spouses, children, and parents, provides that "[a]n alien may file one motion to reopen proceedings." *Id.* § 1229a(c)(7)(A).  But Bhatti, the board reasoned, had already moved to reopen proceedings three times before.  As to each of these first two reasons, the board noted that Bhatti "d[id] not argue that any exception applie[d] or that equitable tolling applie[d]."

Third, the board concluded that Bhatti forfeited any challenge to adequacy of the notice to appear.  It reasoned that challenging the notice to appear as inadequate is "a claim-processing objection" that can't be raised for the first time in a motion to reopen.

Bhatti timely petitioned this court for review of the board's order denying the fourth motion to reopen.

## STANDARD OF REVIEW

We review for an abuse of discretion the board's denial of a motion to reopen proceedings, but we review de novo the board's underlying legal conclusions. *Dacostagomez-Aguilar v. U.S. Att'y Gen.*, 40 F.4th 1312, 1315 (11th Cir. 2022) (citations omitted).

## DISCUSSION

Bhatti argues that the board abused its discretion in two ways—and, critically, *only* two ways. First, as to its application of section 1229a(c)(7)(C)(i), Bhatti argues the board abused its discretion "by declining to equitably toll the deadline for [his] motion to reopen." Second, Bhatti argues the board abused its discretion by concluding he forfeited his argument that the notice was inadequate because he waited until a motion to reopen to raise it. Bhatti does not, however, argue the board abused its discretion by applying section 1229a(c)(7)(A)'s one-motion limit.[1] Because Bhatti abandoned any challenge to the board's application of section 1229a(c)(7)(A), which was itself sufficient to deny his motion to reopen independent of timeliness or forfeiture, we deny his petition.

When a petitioner challenges a ruling "that is based on multiple, independent grounds, [he] must convince us that every stated ground . . . is incorrect." *Sapuppo v. Allstate Floridian Ins. Co.*, 739

---

[1] We have suggested (without deciding) that the one-motion rule is subject to equitable tolling. *See Ruiz-Turcios v. U.S. Att'y Gen.*, 717 F.3d 847, 850–51 (11th Cir. 2013).

F.3d 678, 680 (11th Cir. 2014); *see, e.g.*, *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) (applying abandonment rule on petition for review of a board removal order); *Lapaix v. U.S. Att'y Gen.*, 605 F.3d 1138, 1144–46 (11th Cir. 2010) (same). If he fails to challenge one of those grounds in his initial brief, then he has abandoned the issue. *United States v. Campbell*, 26 F.4th 860, 871–73 (11th Cir. 2022) (en banc) (holding that the "failure to raise an issue in an initial brief on direct appeal should be treated as a forfeiture of the issue"). And it generally "follows that the [ruling] is due to be affirmed." *Sapuppo*, 739 F.3d at 680 (citing *Little v. T-Mobile USA, Inc.*, 691 F.3d 1302, 1306 (11th Cir. 2012)); *cf. Campbell*, 26 F.4th at 872–73 (explaining that we only consider "forfeited issues sua sponte in 'extraordinary circumstances'" (citation omitted)).

The board here relied on three independent grounds to deny Bhatti's motion—first, because it was untimely under section 1229a(c)(7)(C)(i); second, because it was Bhatti's fourth motion to reopen, but section 1229a(c)(7)(A) allows filing only one; and third, because Bhatti forfeited his objection to the notice to appear's sufficiency by raising it in a motion to reopen. But Bhatti's initial (and only) brief before us treats the board's second ground—its one-motion-rule application—"as though [it] do[es] not exist." *Sapuppo*, 739 F.3d at 680. The brief's statement of issues lists only two issues for our review: first, "whether [Bhatti's] motion was untimely," and second, "[w]hether a [p]etitioner who raises a claim-processing objection to missing time or place information in [a notice to appear] for the first time in a motion to reopen has forfeited that objection." *Cf. id.* at 680 (reasoning that a failure to mention

23-10035                Opinion of the Court                7

alternative holdings in brief's statement of issues indicated abandonment). The brief's "statement of the case" is similar, stating only that the "the [b]oard cited that [Bhatti]'s motion was both untimely and forfeited." Nowhere does the brief mention—or, much less, offer "arguments, assertions, law[,] or statements regarding"—the board's conclusion that Bhatti's motion was "number barred" under section 1229a(c)(7)(A). *See Lapaix*, 605 F.3d at 1145. Bhatti's brief doesn't even cite section 1229a(c)(7)(A).

Even if we "generously interpret" Bhatti's argument that the board should've equitably tolled the deadline as arguing it should've tolled the one-motion limit too, *Little*, 691 F.3d at 1307, Bhatti's petition would still fail. "A court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to [him] as of right." 8 U.S.C. § 1252(d)(1); *see Bing Quan Lin v. U.S. Att'y Gen.*, 881 F.3d 860, 866–67 (11th Cir. 2018) (applying section 1252(d)(1) to petition for review of motion to reopen's denial). Although section 1252(d)(1) is not jurisdictional, it is a claims-processing rule that we enforce if properly raised by the government. *See Santos-Zacaria v. Garland*, 598 U.S. 411, 416 (2023); *Kemokai v. U.S. Att'y Gen.*, 83 F.4th 886, 891 (11th Cir. 2023). The government raises section 1252(d)(1) here, arguing

that Bhatti didn't exhaust his equitable tolling argument.    We agree.[2]

"A petitioner has not exhausted a claim unless he has both raised the 'core issue'" to the board "and also set out any discrete arguments he relies on in support of that claim." *Jeune v. U.S. Att'y Gen.*, 810 F.3d 792, 800 (11th Cir. 2016) (first quoting *Montano Cisneros v. U.S. Att'y Gen.*, 514 F.3d 1224, 1228 n.3 (11th Cir. 2008); then citing *Shkambi v. U.S. Att'y Gen.*, 584 F.3d 1041, 1048 n.4 (11th Cir. 2009)).    The petitioner need not "use precise legal terminology," but he must provide the board with "information sufficient" to enable review.    *Indrawati v. U.S. Att'y Gen.*, 779 F.3d 1284, 1297–98 (11th Cir. 2015) (citation omitted).

Bhatti didn't raise the core issue of whether the board should toll    section 1229a(c)(7)(A)'s    one-motion    limit    or    section 1229a(c)(7)(C)(i)'s ninety-day deadline. His motion before the board didn't set out discrete arguments in support of those claims, either.  The motion didn't acknowledge that it was time- and number-barred or offer any justification for not applying those restrictions.  Nor did it argue that Bhatti satisfied either element of equitable tolling—that he was diligent in arguing the notice to appear was deficient and that extraordinary circumstances prevented him from doing that sooner.  *See Ruiz-Turcios*, 717 F.3d at 851

---

[2] We do not address the separate question of whether an alien forfeits challenging a notice to appear's adequacy by raising the issue for the first time in a motion to reopen.

23-10035　　　　　Opinion of the Court　　　　　9

("[E]quitable tolling generally requires a litigant to show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.'" (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005))). That Bhatti cited a recent change in law—the Supreme Court's *Niz-Chavez* decision—was not itself enough to provide the board with "information sufficient" to evaluate those elements. *See Indrawati*, 779 F.3d at 1297. Instead, Bhatti raises the equitable tolling issue for the first time in support of his petition to this court. True, his motion did say in passing that a defective notice to appear "is sufficient to reopen proceedings even if prompt objections were not raised," but conclusory "passing reference[s]" aren't enough. *See Jeune*, 810 F.3d at 800 (citation omitted).

## CONCLUSION

Bhatti abandoned any challenge to the board's conclusion that his motion to reopen was number-barred under 8 U.S.C. section 1229a(c)(7)(A). Even if he didn't, he failed to exhaust any argument that section 1229a(c)(7)(A)'s one-motion limit or section 1229a(c)(7)(C)(i)'s ninety-day deadline should've been equitably tolled.

**PETITION DENIED.**