[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 3, 2009
THOMAS K. KAHN
CLERK

No. 08-15335
Non-Argument Calendar
_____

D. C. Docket No. 07-00303-CV-3-RH/WCS

COLD STONE CREAMERY, INC.,
an Arizona corporation,

Plaintiff-Counter-
Defendant-Appellee,

COLD STONE CREAMERY LEASING COMPANY, INC.,

Plaintiff-Appellee,

versus

LENORA FOODS I, LLC,
a Florida limited liability company,
LENORA FOODS II, LLC,
a Florida limited liability company,
LENORA FOODS III, LLC,
a Florida limited liability company,
CECIL D. ROLLE, individually,
JACQUETTE ROLLE, individually,

Defendants-Counter-
Claimants-Appellants.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(June 3, 2009)

Before CARNES, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Cecil Rolle and Jacquatte Rolle, doing business as Lenora Foods LLC,[1] are former franchisees of Cold Stone Creamery. The Rolles took out a promissory note to fund the cost of their franchise. Cold Stone holds the rights to collect on that promissory note. After the Rolles failed to make the payments due on the note, Cold Stone sued to collect the amount owed. The Rolles filed several counterclaims. The district court granted Cold Stone summary judgment on the liability on the note and also granted summary judgment against all of the Rolles' counterclaims. A jury trial was held to determine damages, and the jury returned a verdict for $800,000. The Rolles contend that the district court erred in: (1) granting summary judgment to Cold Stone on the Rolles' counterclaims based on the Florida Franchise Act and the Florida Deceptive and Unfair Trade Practices Act (FDUTPA); (2) denying their motion to amend their counterclaim; (3)

_____

[1] We will refer to the defendants collectively as "the Rolles" unless context requires otherwise.

2

submitting an improper jury instruction; and (4) denying their motion for a directed verdict.

## I.

The Rolles first contend that the district court erred in granting summary judgment to Cold Stone on two of the Rolles' counterclaims. We review de novo the district court's grant of summary judgment on those counterclaims. Houston v. Williams, 547 F.3d 1357, 1361 (11th Cir. 2008).

## A.

The first counterclaim alleges that Cold Stone violated the Florida Francise Act. The Rolles contend that Cold Stone violated the FFA by misrepresenting the franchise's "prospects or chances for success." Fla. Stat. § 817.416(2)(a). That contention fails because the Rolles did not submit evidence creating a genuine issue of material fact that they relied on any alleged misrepresentations made by Cold Stone. Although the Rolles argue that they do not need to show reliance, that argument is contrary to Florida law. See Travelodge Int'l Inc. v. E. Inns, Inc., 382 So. 2d 789, 791 (Fla. 1st DCA 1980) (holding that recovery under the FFA requires proof of intentional misrepresentations by the franchisor that "were relied on by the franchisee to his determinant"). On the record in this case, we agree with the district court that the Rolles cannot establish the requisite detrimental reliance

3

necessary to recover under the FFA. Cold Stone's franchise agreement included a detailed disclaimer and explanation regarding the risks of owning and operating a franchise and encouraged franchisees to conduct an independent investigation of their prospects for success. The franchise agreement did not promise that the Rolles would profit. The evidence shows beyond dispute that the Rolles understood the agreement and that they also conducted an independent investigation of their prospect for success. The district court properly granted summary judgment to Cold Stone on this counterclaim.

B.

The district court also granted summary judgment for Cold Stone on the Rolles' counterclaim under the FDUTPA. The FDUTPA provides that "unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." Fla. Stat. § 501.204(1). This claim is somewhat different from the Franchise Act claim because the FDUTPA does not require a plaintiff to prove actual reliance on the alleged conduct. See State, Office of the Att'y Gen. v. Commerce Comm. Leasing, LLC, 946 So. 2d 1253, 1258 (Fla. 1st DCA 2007). But the plaintiff must prove that "the alleged practice was likely to deceive a consumer acting reasonably in the same circumstances." Id. The alleged conduct

4

at issue does not meet that standard.

Viewing the evidence in the light most favorable to the Rolles, two other franchisees that appeared to be acting as agents of Cold Stone made statements to the Rolles about their prospects for success in operating a Cold Stone Creamery store. Those statements must be viewed in light of the circumstances as a whole, however. Some time after the alleged misrepresentations were made, the Rolles were given and reviewed Cold Stone's franchise agreement. That agreement clearly states that the Cold Stone franchisees did not have the authority to make representations on Cold Stone's behalf about profit margins. The agreement also provides a detailed discussion of financial information, including the average gross revenues from Cold Stone franchises, but notes that "[a]ctual results vary from unit to unit, and we cannot estimate the results of any particular Franchise." It further warns that "[i]f you rely upon the [provided] figures, you must accept the risk of not doing as well." As we have noted, the agreement also encourages potential franchisees to "conduct an independent investigation of the cost and expenses you will incur in operating a Cold Stone Creamery," which the Rolles did. Under these circumstances, it is not likely that a consumer acting reasonably would have been deceived by the alleged statements made by the two Cold Stone franchisees.

5

**II.**

Next, the Rolles contend that the district court erred in denying their motion for leave to amend their pleadings to add a antitrust counterclaim. We review the district court's denial of that motion for abuse of discretion. See Green Leaf Nursery v. E.I. DuPont De Nemours and Co., 341 F.3d 1292, 1300 (11th Cir. 2003). Because the Rolles filed their motion six weeks after the scheduling order's deadline for amending pleadings, they were required to show "good cause" for their delay. See Fed. R. Civ. P 16(b); Oravec v. Sunny Isles Luxury Ventures, L.C., 527 F.3d 1218, 1231–32 (11th Cir. 2008). Although the Rolles argue that their delay was caused by Cold Stone's alleged misconduct during discovery, they admit that they had a basis to allege their antitrust claim before the discovery squabbles began. We are therefore convinced that the district court did not abuse its discretion in finding that the Rolle's excuse did not amount to good cause for their delay. We affirm the district court's denial of the Rolles' motion to amend their pleadings.

**III.**

The Rolles also contend that the district court erred in its jury instruction regarding the offset due on the promissory note based on the collateral recovered from the Rolles' franchises. The district court has "wide discretion as to the style and wording employed in its [jury] instruction." McCormick v. Aderholt, 293 F.3d

1254, 1260 (11th Cir. 200) (citation omitted). "We will only reverse the lower court because of an erroneous instruction if we are left with a substantial and ineradicable doubt as to whether the jury was properly guided in its deliberations." Id. (internal quotation marks and citation omitted). Here the district court instructed the jury to reduce the amount due on the promissory note based on the reasonable market value of the collateral that Cold Stone recovered. The Rolles argue that because Cold Stone did not provide them with notice of the sale of the collateral at issue, there is a rebuttable presumption that the collateral seized satisfies the full value of the debt owed, and that the district court should have instructed the jury about that presumption. We disagree.

The presumption is rebuttable, and the district court properly found that it was rebutted by proof that the note covered more than just the collateral at issue; that the Rolles had removed a significant amount of equipment from one of the stores before it could be recovered by Cold Stone; and that the equipment had depreciated in value over time. The district court was not required to leave the determination regarding the presumption up to the jury when the evidence in this case was so overwhelming. The district court instructed the jury to determine the reasonable value of the collateral that was recovered by Cold Stone and to offset the amount due on the promissory note by that amount. That instruction was correct.

7

We are not "left with a substantial and ineradicable doubt" that the jury was misguided.  Id.

## IV.

The Rolles' motion for a directed verdict fails for a similar reason.  They contend that Cold Stone disposed of the collateral in a commerically unreasonable manner, and for that reason the collateral should be presumed equal to the total amount of the debt owed.  That presumption, however, is also rebuttable.  See Weiner v. Am. Petrofina Mktg. Inc.  482 So. 2d 1362, 1365 (Fla. 1986). Because Cold Stone proved that the "fair market value of the collateral was less than the debt," it was entitled "to recover a deficiency judgment in an amount equal to the total debt minus the fair market value of the collateral as ultimately determined." Id.  The district court properly denied the Rolles' motion for a directed verdict.

**AFFIRMED.**