[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-11843
Non-Argument Calendar
_____

D.C. Docket No. 6:11-cv-01178-JA-DAB

LAWRENCE WALEWSKI,
individually and on behalf of all others similarly
situated,

Plaintiff - Appellant,

versus

ZENIMAX MEDIA, INC.,
a Delaware corporation,
BETHESDA SOFTWORKS, LLC,
a Delaware limited liability company,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(December 20, 2012)

Before TJOFLAT, CARNES, and KRAVITCH, Circuit Judges.

PER CURIAM:

Lawrence Walewski appeals the district court's decision denying his motion for class certification and dismissing his complaint with prejudice. He contends that those decisions were premature.

## I.

Walewski was an avid player of the video game The Elder Scrolls IV: Oblivion. During a four-month period, he spent about 450 hours playing that game. After that time, Walewski claims that an animation defect manifested itself within the game. Because of that defect, which occurs only after two hundred or more hours of game play, Walewski alleges that he was "unable to open doors and gates, cast spells, or trigger numerous other animations that were essential to the completion of Oblivion's main quest and numerous side quests."

Walewski filed a class-action lawsuit against the companies that manufacture and market the game, alleging violations of the Maryland Deceptive Practices Act, Md. Code Ann., Com. Law § 13-101 et seq., the Maryland Consumer Protection Act, Md. Code Ann., Com. Law § 11-701 et seq., breach of the implied warranty of merchantability, and a claim for restitution and unjust

enrichment, also under Maryland law.[1]  Walewski contends that the defendants represented that game play was open-ended and could go on indefinitely, but because of the defect those representations are false and the game is significantly less valuable than if they were true.

Walewski filed a motion for class certification proposing the following class:  "All persons or entities residing in the United States who purchased any version of the Elder Scrolls IV: Oblivion video game," and seeking certification under Fed. R. Civ. P. 23(b)(2) and Fed R. Civ. P. 23(b)(3).  The magistrate judge recommended denial of that motion, finding that Walewski's proposed class was not adequately defined.  The magistrate judge also concluded that Florida law applies to all of Walewski's claims and because Florida law applies, Walewski lacks standing to bring those claims under Maryland law.

Walewski objected to the magistrate judge's report and recommendation, arguing that:  (1) it improperly denied him the opportunity to conduct discovery relevant to the class certification and choice-of-law issues; (2) his motion for class certification had properly defined the class; and (3) the magistrate judge erroneously concluded that Florida law applies.  In his objections, Walewski argued in the alternative that he should be allowed to amend his proposed class

---

[1] Walewski alleged violations of Maryland law because both defendants have their principal places of business in Maryland, designed the video game in Maryland, and made the allegedly false representations in Maryland.

definition and complaint.  The district court overruled those objections, adopted the magistrate judge's report, and dismissed Walewski's complaint without leave to amend.

Walewski now appeals the district court's order.   He contends that the district court:  (1) should have allowed him a reasonable opportunity to obtain discovery relevant to the choice-of-law and class certification issues and (2) erred in denying class certification, or alternatively, should have allowed him to amend his class definition and complaint.

## II.

### A.

Walewski first contends that the district court should have allowed him a reasonable opportunity to conduct discovery on the class certification and choice-of-law issues.  Whether to allow discovery is within the discretion of the district court, and we review for abuse of discretion.  Lee v. Etowah Cnty. Bd. of Educ., 963 F.2d 1416, 1420 (11th Cir. 1992).

With respect to discovery on the class certification issue, the local rules of the Middle District of Florida provide that a plaintiff seeking to pursue a class action must move for class certification within ninety days of filing the complaint. M.D. Fla. L.R. 4.04(b).  If the plaintiff wants discovery on that issue, he may move for it before the case management meeting.  Id.  Here, Walewski not only did not

4

file his motion for class certification on time, he also did not move for discovery

on the class certification issue before the case management meeting.  Instead, he

only requested discovery after the magistrate judge had recommended that his

motion for class certification be denied.  Because Walewski failed to comply with

the applicable local rules, we hold that the district court did not abuse its discretion

in denying his late request for discovery.  Cf. Layfield v. Bill Heard Chevrolet Co.,

607 F.2d 1097, 1099 (5th Cir. 1979) (holding that a district court did not abuse its

discretion by denying leave to amend a complaint for failure to comply with a local

rule).[2]

       With respect to the choice-of-law issue, Walewski contends that the district

court should not have found that Florida law applies before conducting discovery

on that issue.  It is true that discovery is sometimes necessary for a district court to

make a choice-of-law determination.  See, e.g., Rationis Enters. of Panama v.

Hyundai Mipo Dockyard Co., 426 F.3d 580, 586 (2d Cir. 2005).  But here the

district court reviewed the record and concluded that there were enough facts to

determine whether Florida law applies.  Specifically, the district court noted

Walewski's allegations that:  the defendants' representations "emanated from

Maryland;" the video game was designed in Maryland; the defendants do business

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

5

in Florida; Walewski is a Florida citizen; and a substantial part of the events giving rise to his claim occurred in Florida.  Because the district court discussed facts in the record that supported its choice-of-law determination, it did not abuse its discretion by denying Walewski's request for additional discovery on that issue.

B.

Walewski next contends that the district court erred by denying his motion for class certification.  We review a district court's class certification order for abuse of discretion.  Fitzpatrick v. Gen. Mills, Inc., 635 F.3d 1279, 1282 (11th Cir. 2011).

"Before a district court may grant a motion for class certification, a plaintiff . . . must establish that the proposed class is adequately defined and clearly ascertainable."  Little v. T-Mobile USA, Inc., 691 F.3d 1302, 1304 (11th Cir. 2012) (quotation marks omitted); DeBremaecker v. Short, 433 F.2d 733, 734 (5th Cir. 1970).  The district court concluded that Walewski had not adequately defined the proposed class because:

> [T]he proposed class includes all persons or entities nationwide, who purchased any version of the game, presumably from anyone, anywhere, at any time—whether or not they ever were injured by (or experienced) the alleged [a]nimation [d]efect.  This overbroad definition is not limited in any way to persons who purchased from Defendants, and therefore presumably includes persons who purchased a copy of the game—new or used—from anyone else.
> . . .
> Even if the parties were able to identify all purchasers of the game from all sources, the popularity of the game, as described by the

6

parties, makes it especially difficult to cull appropriate class members from the millions of game owners, without extensive fact-finding. Under the definition, for example, a video store which buys the second hand game from a consumer and resells it for more than it paid for it is included in the class, despite the fact that the entity itself never experienced the [a]nimation [d]efect (as it never played the game) and did not suffer any loss.

Even with respect to individuals only, the class definition is wanting. Under that definition, for example, if a teenager purchases a used copy from his brother, he is a class member <u>even if he has no complaints about the game</u>, but if his brother <u>gives</u> him the same game as a gift, he is not a class member, <u>even if he experiences the [a]lleged [d]efect</u>. [Walewski] fails to set forth a workable method for identifying which players and owners are correctly included within the class.

. . .

The definition is not only unworkable in terms of identifying class members, it impermissibly includes members who have no cause of action as a matter of law. For example, assuming the [c]ourt were to conclude that Maryland's consumer protection laws were, as pled, applicable to this dispute, . . . [r]etailers and other business who purchased the games for resale purposes [would not have a cause of action under those statutes].

(Quotation marks omitted.) Given that analysis, the district court did not abuse its discretion by concluding that the class was not adequately defined or clearly ascertainable and denying class certification. Cf. <u>United States v. Frazier</u>, 387 F.3d 1244, 1259 (11th Cir. 2004) ("[W]hen employing an abuse-of-discretion standard, we must affirm unless we find that the district court has made a clear error of judgment, or has applied the wrong legal standard."); <u>In re Rasbury</u>, 24 F.3d 159, 168 (11th Cir. 1994) ("[T]he abuse of discretion standard allows a range of choice

7

for the district court, so long as that choice does not constitute a clear error of judgment."(quotation marks omitted)).

Nor did the district court abuse its discretion by failing to allow Walewski to amend his class definition. The district court had already allowed Walewski to file his motion for class certification after the time specified in the local rules for filing that motion had expired. It did not abuse its discretion by not allowing Walewski to further delay the disposition of this case.

C.

After it denied class certification, the district court dismissed Walewski's complaint for lack of standing. We affirm the dismissal on the grounds that absent certification as a class action, the district court lacks subject matter jurisdiction over Walewksi's individual claim. Cf. Powers v. United States, 996 F.2d 1121, 1123–24 (11th Cir. 1993) ("We may affirm the district court's judgment on any ground that appears in the record, whether or not that ground was relied upon or even considered by the court below." (citations omitted)).

In a diversity case such as this one, the district court only has jurisdiction if the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Walewski alleges that the only damages he suffered are the difference in value between the video game as represented and as is. That difference clearly does not exceed $75,000, and for that reason the district court lacks subject matter jurisdiction. See

<u>Mitchell v. Brown & Williamson Tobacco Corp.</u>, 294 F.3d 1309, 1315 (11th Cir. 2002) (stating that a district court lacks subject matter jurisdiction in a diversity case when it "appears to a legal certainty" that the plaintiff cannot recover more than $75,000).[3]

**AFFIRMED.**

---

[3] Because we conclude that the district court lacks subject matter jurisdiction over Walewski's individual claim, we do not address Walewski's argument that he should have been allowed to amend his complaint to state a claim under Florida law instead of Maryland law.