Abraham INETIANBOR, Plaintiff,

v.

CASHCALL, INC., and John Paul Reddam, Defendants.

CASE NO. 13–60066–CIV–COHN/SELTZER

United States District Court, S.D. Florida.

Signed April 19, 2016

Entered April 20, 2016

Aaron Goss, John S. Hughes, Mona Lisa Wallace, Cathy Anne Williams, Wallce & Graham, PA, Salisbury, NC, Brian William Warwick, Janet Robards Varnell, Varnell and Warwick, P.A., Lady Lake, FL, for Plaintiff.

Brian J. Fischer, Katya Jestin, Neil Barofsky, Jenner & Block, LLP, New York, NY, Daniel T. Fenske, Jenner & Block, LLP, Chicago, IL, R. Trent McCotter, Jenner & Block LLP, Washington, DC, Andrew Mikel Shapiro, Jonathan Dov Lamet, Stacy Jaye Rodriguez, Christopher Stephen Carver, Akerman Senterfitt, Miami, FL, for Defendants.

## ORDER DENYING MOTION TO CERTIFY CLASS

JAMES I. COHN, United States District Judge

**THIS CAUSE** is before the Court upon Plaintiff's Motion to Certify Class [DE 169] ("Motion"). The Court has considered the Motion, Defendants' Response [DE 188], Plaintiffs Reply [DE 190], and the record in this case, and is otherwise advised in the premises. For the reasons discussed below, the Court will deny the Motion without prejudice.

### I. BACKGROUND

This action arises out of a consumer loan that Plaintiff Abraham Inetianbor applied for and received from non-party Western Sky Financial, LLC ("Western Sky") in January 2011. See DE 141 ¶ 3 (4th Am.Compl.). Western Sky offered a series of unsecured installment loans over the Internet in amounts varying from approximately $300 to $3,000 and bearing annual interest rates from approximately 90 percent to over 300 percent. Id. ¶¶ 40–41. While the loan agreements were purportedly offered by Western Sky, Plaintiff argues that Defendant Cash-Call, Inc. ("CashCall") was the real or *de facto* lender. Id. ¶¶ 15, 38, 42.

The operative Fourth Amended Complaint, as limited by the Court's Omnibus Order on Motions to Dismiss, asserts the following claims against CashCall and its President and CEO, Defendant John Paul Reddam: (1) violation of Florida's usury statute, Fla. Stat. § 687.02 (Count I); (2) violation of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. §§ 51.201–.213 (Count III); (3) fraud (Count V); (4) defamation (Count VIII); and (5) declaratory judgment "that tribal law and forum does not apply, that arbitration clause is void, and that any purported class action bar is void" (Count IX). See DE 141; DE 193. Plaintiff now moves for class certification of the usury claim (Count I) and FDUTPA claim (Count III).[1]

### II. LEGAL STANDARD

Federal Rule of Civil Procedure 23 governs class certification. See Fed. R. Civ. P 23. The Court must perform a "rigorous analysis" of the arguments offered in support of certifying the class. *Gilchrist v. Bolger,* 733 F.2d 1551, 1556 (11th Cir.1984). "The burden of proof to establish the propriety of class certification rests with the advocate of the class." *Valley Drug Co. v. Geneva Pharms., Inc.,* 350 F.3d 1181, 1187 (11th Cir.2003).

A plaintiff seeking to represent a proposed class must first establish that the proposed class is "adequately defined and clearly ascertainable." *Little v. T–Mobile USA, Inc.,* 691 F.3d 1302, 1304 (11th Cir.2012) (citations omitted). An ascertainable class is an implicit requirement of Rule 23. *Id.*

Next, the class representative must show that the requirements of Rule 23(a) are satisfied. Rule 23(a) requires the movant to prove that: (1) the class is "so numerous that joinder of all members is impracticable"; (2) there are "questions of fact or law common to the class"; (3) "the claims or defenses of the representative parties [are] typical of the claims or defenses of the class"; and (4) the named representative will "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). These requirements are commonly referred to as numerosity,

---

1. The Motion also sought to certify Plaintiff's Florida RICO claim (Count IV). After Plaintiff filed the Motion, the Court dismissed the Florida RICO claim. See DE 193. Therefore, the Court will not entertain Plaintiffs request to certify Count IV.

commonality, typicality, and adequacy of representation. *See Vega v. T-Mobile USA, Inc.,* 564 F.3d 1256, 1265 (11th Cir.2009) (citation omitted).

Finally, as is relevant here, the movant must establish the requirements of Rule 23(b)(3). Certification pursuant to Rule 23(b)(3) requires a showing: "(1) that common questions of law or fact predominate over questions affecting only individual members ('predominance'); and (2) that a class action is superior to other available methods for adjudicating the controversy ('superiority')." *Id.*

### III. DISCUSSION

 The class, as currently defined by Plaintiff, is not "adequately defined and clearly ascertainable." "An identifiable class exists if its members can be ascertained by reference to objective criteria." *Bussey v. Macon Cnty. Greyhound Park, Inc.,* 562 Fed.Appx. 782, 787 (11th Cir.2014) (citing *Fogarazzo v. Lehman Bros., Inc.,* 263 F.R.D. 90, 97 (S.D.N.Y.2009)). These "objective criteria" should be "administratively feasible," meaning that the identification of class members should be "a manageable process that does not require much, if any, individual inquiries." *Id.* (citation omitted). "If a plaintiff fails to demonstrate that the putative class is clearly ascertainable, then class certification is properly denied." *Randolph v. J.M. Smucker Co.,* 303 F.R.D. 679, 685 (S.D.Fla.2014) (citing *Walewski v. Zenimax Media, Inc.,* 502 Fed.Appx. 857, 861 (11th Cir.2012)).

Plaintiff proposes the following class definition: "All persons who entered into a loan agreement with Western Sky in Florida substantially similar to Plaintiff's loan agreement ... and/or made loan payments in accordance with such agreement, within the applicable statute of limitations and through the date of class certification." DE 169-1 at 6. This proposed class is improper for certification because it relies on subjective criteria and requires individual inquiries.

First, the proposed definition would require the Court to determine on a loan-by-loan basis whether each class member's loan agreement was "substantially similar" to Plaintiffs. In his Reply, Plaintiff appears to concede that the "substantially similar" language is subjective. *See* DE 190 at 8–9. He then suggests that the Court limit the class to only those whose contracts contain the precise language in Plaintiffs Loan Agreement. *Id.* at 8. In the alternative, Plaintiff proposes expanding the class to include all versions of the Western Sky Loan Agreements. *Id.* at 8–9. Although viable alternatives to the current "substantially similar" standard may exist, the Court will not redefine the class for Plaintiff using either of these proposals because their merits have not been fully briefed.

Second, the language "entered into a loan agreement in Florida" is problematic. Plaintiff claims that class members are easily ascertainable because their state of residence is listed on their loan agreements. *See* DE 169-1 at 6–7. However, as Defendants correctly note, a borrower's residence and the location where the borrower entered into a loan agreement are distinct criteria for class membership. For example, a Florida resident could have "entered into a loan agreement" from a different state, and nonresidents of Florida could have "entered into a loan agreement in Florida." *See* DE 188 at 12. While a class member's residence may be readily ascertainable, Plaintiff has not shown that determining where a class member "entered into a loan agreement" is administratively feasible.

Finally, the requirement that the loan or payment occurred "within the applicable statute of limitations" would require an individual analysis of the timeliness of individual claims to determine class membership. A more definite timeframe is needed for the class to be clearly ascertainable.

### IV. CONCLUSION

In sum, Plaintiff has not met his burden to adequately define a class that is clearly ascertainable. The Court therefore will not certify Counts I and III as class actions at this time. Accordingly, it is

**ORDERED AND ADJUDGED** that Plaintiff's Motion to Certify Class [DE 169] is **DENIED without prejudice.**

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 19th day of April, 2016.