Terrance JUSTICE, Andrea Hatfield, Debbie Finn, and Karen Dotson, on behalf of themselves and all others similarly situated, Plaintiffs,

v.

**RHEEM MANUFACTURING COMPANY, Defendant.**

**CASE NO. 14–80017–CIV–DIMITROULEAS**

United States District Court, S.D. Florida.

Signed 04/27/2016

Andrew N. Friedman, Douglas J. McNamara, Cohen, Milstein, Sellers & Toll, PLLC, West Washington, DC, Jamie E. Weiss, Jeffrey A. Leon, Quantum Legal, LLC, Highland Park, IL, Jonathan Shub, Kohn, Swift & Graf, P.C., Philadelphia, PA, Leslie Mitchell Kroeger, Theodore Jon Leopold, Cohen Milstein Sellers & Toll, PLLC, Palm Beach Gardens, FL, Lisa A. White, Greg Coleman Law PC, Knoxville, TN, Richard J. Burke, Quantum Legal LLC, St. Louis, MO, Shane T. Rowley, Levi & Korsinsky, LLP, New York, NY, for Plaintiffs.

Robert Stephen Galbo, Greenberg Traurig, P.A., Adam Michael Foslid, David A. Coulson, Eva Merian Spahn, Miami, FL, for Defendant.

## SEALED ORDER DENYING MOTION FOR CLASS CERTIFICATION

WILLIAM P. DIMITROULEAS, United States District Judge

THIS CAUSE is before the Court upon Plaintiffs' Motion for Class Certification (the "Motion") [DE 88], filed herein on January 30, 2016. The Court has carefully considered the Motion [DE 88], the parties' briefs, and is otherwise fully advised in the premises.

## I. Background

The operative complaint is the Second Amended Complaint (the "SAC") [DE 51]. The parties to this action are Plaintiff Terrance Justice ("Justice"), Plaintiff Andrea Hatfield ("Hatfield"), Plaintiff Debbie Finn ("Finn"), Plaintiff Karen Dotson ("Dotson"), Plaintiff Michael Young ("Young"), Plaintiffs Steven and Nancy Ross (the "Ross Plaintiffs"), Plaintiff Chas ummers ("Summers"), and Plaintiff Kelvin Wise ("Wise" and collectively "Plaintiffs"); and Defendant Rheem Manufacturing Company ("Rheem" or "Defendant"). Defendant manufactures and sells consumer central air conditioning units ("Rheem ACs"). [DE 51 ¶ 1]. Each Plaintiff owns a Rheem AC. [Id. ¶¶ 23–30]. Plaintiffs bring the following claims: (1) Count IV—Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"); (2) Count VIII—Unjust Enrichment; and (3) Count IX—Declaratory Relief.[1]

Rheem ACs—like all air conditioners—include a component known as an evaporator coil, which contains refrigerant (e.g. Freon, Puron, etc.). [Id. ¶ 2]. Rheem has traditionally used copper tubing to manufacture the evaporator coils. [Id. ¶ 4]. Copper tubing, however, is uniquely vulnerable to a type of degradation known as formicary corrosion, which causes evaporator coils to leak refrigerant. [Id. ¶¶ 4–6]. Moreover, volatile organic compounds—which are given off by household products such as cleaning products, air fresheners, and cosmetics—cause formicary corrosion. [Id. ¶¶ 6–7]. Evaporator coil leakage, as caused by formicary corrosion, is difficult to detect and usually requires consumers to repeatedly refill air conditioners with refrigerant until the coil fails. [Id. ¶ 8].

Air conditioner manufacturers have employed reasonable design and manufacturing techniques to lessen or prevent the incidence of formicary corrosion. [Id. ¶ 11]. For example, manufacturers can make evaporator coils out of aluminum, which is not susceptible to formicary corrosion, or they can protect evaporator coils with polymer sealant or tin plating. [Id. ¶ 11]. Until 2013, however, Rheem did not employ any of these techniques. [Id. ¶¶ 11–13]. Rather, it continued to design and manufacture Rheem ACs with copper evaporator coils ("Rheem Coils") and to replace Rheem Coils with similarly defective Rheem Coils. [Id.]. As of 2013, Rheem began to sell replacement coils manufactured from aluminum. [Id. ¶ 15]. Rheem has not informed its customers of the Rheem Coils' susceptibility to formicary corrosion, the existence of replacement coils that are not susceptible to formicary corrosion, or the causes of formicary corrosion. [Id. ¶¶ 16–17]. Rheem's standard practice in response to leaks is to replace refrigerant rather than the defective Rheem Coils. [Id. ¶ 19].

In the Motion for Class Certification, Plaintiffs seek to certify the class of "all persons residing in Florida, Alabama, South Carolina, and Georgia who purchased a Rheem AC containing a Rheem copper evaporator coil, primarily for personal, family, or household purposes." [DE 88 ¶ 1].[2] The Court held a hearing on the Motion on April 13, 2016.

## II. Legal Standard

Parties seeking class action certification must satisfy the four requirements of Federal Rule of Civil Procedure 23(a), commonly referred to as numerosity, commonality, typicality and adequacy of representation. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 613, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997). Parties moving for class certification bear the burden of establishing each element of Rule 23(a). *London v. Wal–Mart Stores*, 340 F.3d 1246, 1253 (11th Cir. 2003); *accord Brown v. Electrolux Home Products, Inc.*, 817 F.3d 1225, 1233–34 (11th Cir. 2016). If the party seeking class certification fails to demonstrate any requirement, the case may not continue as a class action. *Jones v. Roy*, 202 F.R.D. 658, 662 (M.D. Ala. 2001). Specifi-

---

1. The Court dismissed Counts I, II, III, V, VI, and VII with prejudice. *See* [DE 66].

2. As Plaintiffs purportedly only seek to certify a damages class, Defendant argues that Plaintiffs have waived their right to certify a declaratory or injunctive relief class. Plaintiffs have not responded to this argument. The Court agrees with Defendant, and will analyze the class certification motion as to only the FDUTPA and Unjust Enrichment claims.

cally, the four requirements of Rule 23(a) are:

(1) the class is so numerous that joinder of all members is impracticable;

(2) there are questions of law or fact common to the class;

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In addition to meeting the four requirements of Rule 23(a), parties seeking class certification must prove that the action is maintainable under one of the three subsections of Rule 23(b). *Amchem Prods.*, 521 U.S. at 614, 117 S.Ct. 2231. Here, Plaintiff asserts that class certification is appropriate pursuant to Rule 23(b)(3). Class certification under Rule 23(b)(3) is appropriate when (1) "questions of law or fact common to the members of the class predominate over any questions affecting only individuals members," and when (2) "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). In the event that the Court declines certification under Rule 23(b)(3), Plaintiffs seek certification of a liability-only issue class pursuant to Rule 23(c)(4), which provides that "[w]hen appropriate, an action may be brought or maintained as a class with respect to particular issues." Fed. R. Civ. P. 23(c)(4).

■■■ In deciding whether to certify a class, a district court has broad discretion. *Washington v. Brown & Williamson Tobacco Corp.*, 959 F.2d 1566, 1569 (11th Cir. 1992). Although a district court is not to determine the merits of a case at the certification stage, sometimes " 'it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question.' " *Mills v. Foremost Ins. Co.*, 511 F.3d 1300, 1309 (11th Cir. 2008) (quoting *General Tel. Co. v. Falcon*, 457 U.S. 147, 160, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982)). A class action may only be certified if the court is satisfied, after a rigorous analysis, that the prerequi-

sites of Rule 23 have been met. *Gilchrist v. Bolger*, 733 F.2d 1551, 1555 (11th Cir. 1984). The moving party "must affirmatively demonstrate his compliance" with the class certification requirements. *Comcast Corp. v. Behrend*, —— U.S. ——, 133 S.Ct. 1426, 1432, 185 L.Ed.2d 515 (2013) (quoting *Wal–Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 131 S.Ct. 2541, 2551, 180 L.Ed.2d 374 (2011)). That is, "a party must not only be prepared to prove that there are in fact sufficiently numerous parties, common questions of law or fact, typicality of claims or defenses, and adequacy of representation, as required by Rule 23(a) [but also] satisfy through evidentiary proof at least one of the provisions of Rule 23(b)." *Id.*

## III. Discussion

### a. Ascertainability

■■■ "Before a district court may grant a motion for class certification, a plaintiff seeking to represent a proposed class must establish that the proposed class is 'adequately defined and clearly ascertainable.' " *Randolph v. J.M. Smucker Co.*, 303 F.R.D. 679, 684 (S.D. Fla. 2014). The court may address the adequacy of the class definition before analyzing whether the proposed class meets the Rule 23 requirements. *See e.g., Perez v. Metabolife Int'l, Inc.*, 218 F.R.D. 262, 269 (S.D. Fla. 2003) (addressing whether the class definition would require individualized determinations before addressing the Rule 23 requirements).

■■■ The issue of ascertainability relates to whether the putative class can be identified: "[a]n identifiable class exists if its members can be ascertained by reference to objective criteria." *Bussey v. Macon Cnty. Greyhound Park, Inc.*, 562 Fed.Appx. 782, 787 (11th Cir. 2014); *see Karhu v. Vital Pharmaceuticals, Inc.*, 621 Fed.Appx. 945, 946–50 (11th Cir. 2015) (affirming district court's denial of class certification on ascertainability grounds). This element requires that "identifying class members is a manageable process that does not require much, if any, individual inquiry." *Bussey*, 562 Fed. Appx. at 787. Class definitions that are overly broad, vague, or which would require administratively difficult individualized determi-

nations should be denied. *Perez*, 218 F.R.D. at 269. A class must be defined in such a way that every member of the putative class would have standing to assert the relevant claims. *See Walewski v. Zenimax Media, Inc.*, 502 Fed.Appx. 857, 861 (11th Cir. 2012) (affirming denial of class certification where proposed class definition "impermissibly includes members who have no cause of action"); *CC v. Sch. Bd. of Broward County.*, 2014 WL 4771751, at *8 (S.D. Fla. Sept. 23, 2014) ("When the proposed class includes many members without claims, the court may deny certification.").

Defendant argues that Plaintiffs' proposed class is not adequately defined and clearly ascertainable because it is limitless in time, including Plaintiffs whose FDUTPA and unjust enrichment claims would be barred by the statute of limitations.[3] At the hearing, Plaintiffs stated that they would stipulate to a class period from 2009–2013. Even so, the class of "all persons residing in Florida, Alabama, South Carolina, and Georgia who purchased a Rheem AC containing a Rheem copper evaporator coil, primarily for personal, family, or household purposes" almost certainly includes members who are residents of Alabama, South Carolina, or Georgia and would not have a cognizable claim under FDUPTA. *See Rebman v. Follett Higher Educ. Grp., Inc.*, 248 F.R.D. 624, 631 (M.D. Fla. 2008) (declining to certify a nationwide FDUTPA class where sales were alleged to have occurred in various states, thus vitiating common questions of law because all class members would not have FDUTPA claims). As proposed, Plaintiff's class is overbroad.

**b. Numerosity, Typicality, and Adequacy**

Defendant does not challenge numerosity, typicality, or adequacy. Even so, the Court will briefly conduct an analysis of these factors.

### i. Rule 23(a)(1): Numerosity

There is no rigid standard for determining numerosity. The Eleventh Circuit has held that "[g]enerally, less than twenty-one is inadequate, more than forty adequate." *Cheney v. Cyberguard Corp.*, 213 F.R.D. 484, 490 (S.D. Fla. 2003) (quoting *Cox v. Am. Cast Iron Pipe Co.*, 784 F.2d 1546, 1553 (11th Cir. 1986)). Parties seeking class certification do not need to know the "precise number of class members," but they "must make reasonable estimates with support as to the size of the proposed class." *Fuller v. Becker & Poliakoff, P.A.*, 197 F.R.D. 697, 699 (M.D. Fla. 2000). The "sheer number of potential class members may warrant a conclusion that Rule 23(a)(1) is satisfied." *LaBauve v. Olin Corp.*, 231 F.R.D. 632, 665 (S.D. Ala. 2005) (citing *Bacon v. Honda of Am. Mfg., Inc.*, 370 F.3d 565, 570 (6th Cir. 2004)). While "mere allegations of numerosity are insufficient," Fed. R. Civ. P. 23(a)(1) imposes a "generally low hurdle," and "a plaintiff need not show the precise number of members in the class." *Manno v. Healthcare Revenue Recovery Grp., LLC*, 289 F.R.D. 674, 684 (S.D. Fla. 2013). "Nevertheless, a plaintiff still bears the burden of making some showing, affording the district court the means to make a supported factual finding that the class actually certified meets the numerosity requirement." *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1267 (11th Cir. 2009). According to Plaintiffs, Rheem's records indicate that it sold tens of thousands of units containing Rheem Coils in the class states. Accordingly, the Court is satisfied that the numerosity prong has been met.

### ii. Rule 23(a)(3): Typicality

Typicality requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). Although similar to commonality in that it concentrates on the "nexus" between class members and the named class representative, typicality differs from commonality in that it focuses on the named class representative's individual characteristics in comparison to the proposed class. *Piazza v. Ebsco Indus. Inc.*, 273 F.3d 1341, 1346 (11th Cir. 2001); *Prado–Steiman v. Bush*, 221 F.3d 1266, 1269 (11th Cir. 2000).

---

**3.** FDUTPA claims are subject to a four-year statute of limitations, which accrues on the date of the sale of the subject product. *Matthews v. Am. Honda Motor Co., Inc.*, No. 12-60630-CIV, 2012 WL 2520675, at *3–4 (S.D. Fla. June 6, 2012); *S. Motor Co. of Dade Cnty. v. Doktorczyk*, 957 So.2d 1215, 1218 (Fla. 3rd DCA 2007).

A class representative must possess the same interest and suffer the same injury as the class members in order to be typical under Rule 23(a)(3). *Murray v. Auslander*, 244 F.3d 807, 811 (11th Cir. 2001) (citing *Prado–Steiman*, 221 F.3d at 1279). Nonetheless, "the typicality requirement is permissive: representative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." *Alhassid*, 307 F.R.D. at 697 (citations omitted).

Plaintiffs assert that the burden of typicality is "easily met" because all Plaintiffs purchased residential AC units with Rheem Coils. The Court agrees that Plaintiff meets the permissive typicality standard.

### iii. Rule 23(a)(4): Adequacy of Representation

 Rule 23(a)(4) requires a showing that the "representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). To adequately represent a class, a named plaintiff must show that she possesses the integrity and personal characteristics necessary to act in a fiduciary role representing the interests of the class, and has no interests antagonistic to the interests of the class. *In re Ins. Mgmt. Solutions Group, Inc.*, 206 F.R.D. 514, 516 (M.D. Fla. 2002); *see also Kirkpatrick v. J.C. Bradford & Co.*, 827 F.2d 718, 726 (11th Cir. 1987). Adequacy of representation is tied to both commonality and typicality. *Amchem Prods.*, 521 U.S. at 2251 n. 20, 117 S.Ct. 2231 (1997). As to the adequacy of counsel for the class representative, "[a]bsent specific proof to the contrary, the adequacy of class counsel is presumed." *In re Seitel, Inc. Securities*, 245 F.R.D. 263, 271 (S.D. Tex. 2007).

Plaintiffs assert that there are no conflicts between the Plaintiffs and the proposed class. The Court has no reason to believe that the Named Plaintiffs and their counsel would not adequately protect the interests of the class.

### c. Rule 23(a)(2) Commonality and Rule 23(b)(3) Predominance [4]

 Rule 23(a)'s commonality prerequisite requires at least one issue common to all members of the class. However, it "does not require that all of the questions of law or fact raised by the case be common to all the plaintiffs." *Walco Invs., Inc. v. Thenen*, 168 F.R.D. 315, 325 (S.D. Fla. 1996). To that end, the Supreme Court has held that "[c]ommonality requires the plaintiff to demonstrate that the class members 'have suffered the same injury.'" *Dukes*, 131 S.Ct. at 2551. The commonality element is generally satisfied when a plaintiff alleges that "[d]efendants have engaged in a standardized course of conduct that affects all class members." *In re Terazosin Hydrochloride*, 220 F.R.D. 672, 687 (S.D. Fla. 2004); *Agan v. Katzman & Korr, P.A.*, 222 F.R.D. 692, 697 (S.D. Fla. 2004); *In re AmeriFirst Sec. Litig.*, 139 F.R.D. 423, 428 (S.D. Fla. 1991). However, "a class action must involve issues that are susceptible to class-wide proof." *Cooper v. Southern Co.*, 390 F.3d 695, 713 (11th Cir. 2004) (quoting *Murray v. Auslander*, 244 F.3d 807, 811 (11th Cir. 2001)). That said, "[w]hat matters to class certification is not the raising of common 'questions'—even in droves—but, rather the capacity of a class-wide proceeding to generate common answers apt to drive the resolution of the litigation." *Dukes*, 131 S.Ct. at 2551 (quotation omitted). That is, commonality requires a common question capable of common resolution. *See, e.g., Manno*, 289 F.R.D. at 685. "Plaintiffs face a 'low hurdle' in bearing this 'light' burden, as commonality 'does not require that all questions of law and fact raised be common.'" *Alhassid v. Bank of America, N.A.*, 307 F.R.D. 684 (S.D. Fla. 2015) (quoting *Williams v. Mohawk Indus., Inc.*, 568 F.3d 1350, 1356 (11th Cir. 2009); *Vega*, 564 F.3d at 1268).

 Though similar to the commonality issue, the predominance requirement is "far more demanding." *Cooper*, 390 F.3d at 722; *see also Jackson v. Motel 6 Multipurpose, Inc.*, 130 F.3d 999, 1005 (11th Cir. 1997). For Rule 23(b)(3) predominance, "it is not necessary that all questions of law or fact be common, but only that some questions are common and that they predominate over the

---

**4.** Because there is considerable overlap between Rule 23(a)'s commonality requirement and Rule 23(b)(3)'s predominance requirement, courts often address them together.

individual questions." *Klay v. Humana, Inc.*, 382 F.3d 1241, 1254 (11th Cir. 2004). The court's inquiry is typically focused on "whether there are common liability issues which may be resolved efficiently on a class-wide basis." *Brown v. SCI Funeral Servs. of Fla.*, 212 F.R.D. 602, 606 (S.D. Fla. 2003). Issues that are subject to generalized proof and applicable to the whole class must predominate over the issues involving individualized proof. *Kerr v. City of W. Palm Beach*, 875 F.2d 1546, 1558 (11th Cir. 1989). *See also Bussey*, 562 Fed.Appx. at 787 (reversing district court's class certification after finding that too much individual inquiry would be required to identify class members). To conduct this inquiry, the Court must consider the cause of action and "what value the resolution of the class-wide issue will have in each member's underlying cause of action." *Rutstein v. Avis Rent–A–Car Sys., Inc.*, 211 F.3d 1228, 1234 (11th Cir. 2000).

### i. FDUTPA Claim

■■■ Defendant argues that individual issues predominate over common issues as to the FDUTPA claim. The Court will address the claim by element. *See Brown v. Electrolux Home Products, Inc.*, 817 F.3d 1225, 1234–35 (11th Cir. 2016) (explaining that district court should identify elements of claims and defenses and then classify each as individual or common questions). In order to state a claim under the Florida Deceptive and Unfair Trade Practices Act ("FDUPTA"), Plaintiff must establish: (1) a deceptive act or unfair practice; (2) causation; and (3) actual damages. *McGuire v. Ryland Grp., Inc.*, 497 F.Supp.2d 1347, 1355 (M.D. Fla. 2007) (citing *Rollins, Inc. v. Butland*, 951 So.2d 860, 869 (Fla. 2nd DCA 2006)).

First, Defendant asserts that Plaintiffs cannot show class-wide evidence of a deceptive act because they cannot prove the existence of a uniform defect. In the Motion, Plaintiffs state that a question common to the class is "whether Rheem used a prelube oil from 2009–2011 that made copper coils more susceptible to formicary corrosion when sold." In a similar case in front of the Honorable Beth Bloom, involving formicary corrosion claims against an air conditioning manufacturer, class certification was denied as to the FDUTPA claim and as to the unjust enrichment claim in part because of individualized issues involving the question of a common design defect. [DE 101–8, Ex. H], *Debra Harris, et al. v. Nortek Global HVAC LLC*, 14–CIV–21884–BLOOM/Valle at 35. In that case, the defendant manufacturer switched to a different type of copper-containing coil during the class period. *Id.* at 30. The Court agrees with Defendant that the issue of the prelube oil would require individual inquiry among class members as not all members' Rheem Coils would have been exposed to the prelube oil.

■■■ Second, Defendant argues that Plaintiffs have not demonstrated class-wide proof of causation. Rather, individual inquiries would be necessary to determine what marketing materials or information class members were exposed to prior to obtaining their Rheem ACs and whether pertinent information about formicary corrosion would have been material to purchasing decisions. Plaintiffs argue that, rather, they need only show that a "reasonable consumer" would have acted differently, as FDUPTA does not require actual reliance. "FDUTPA does not require a plaintiff to prove actual reliance on the alleged conduct." *Cold Stone Creamery, Inc. v. Lenora Foods I, LLC*, 332 Fed.Appx. 565, 567 (11th Cir. 2009) (quotation omitted). Even so, Defendant opines that some nexus between the deceptive act and damages must exist. *See Helpling v. Rheem Mfg. Co.*, No. 1:15-CV-2247-WSD, 2016 WL 1222264, at *15 (N.D. Ga. Mar. 23, 2016) ("causation is a necessary element of the FDUTPA claim, and causation must be direct, rather than remote or speculative") (quoting *Lombardo v. Johnson & Johnson Consumer Companies, Inc.*, 124 F.Supp.3d 1283, 1290 (S.D. Fla. 2015)). Defendants urge the Court to consider *McVicar v. Goodman Glob., Inc.*, No. SACV131223DOCRNBX, 2015 WL 4945730, at *11 (C.D. Cal. Aug. 20, 2015), in which the court denied class certification of similar formicary corrosion-based claims against an air conditioner manufacturer. Considering certification in the context of other state laws analogous to FDUTPA, the *McVicar* court reasoned that unlike in cases involving, for instance, automobile safety,

where "it is fair to assume that all of the purchasers of automobiles read some marketing materials regarding the product," the plaintiffs could not "show that members of the class were exposed to the same misrepresentations or any omissions, for example, through a long-term advertising campaign or where the misrepresentations or nondisclosures were included (or would have been included) on the product itself." *Id.*, at *11. The *McVicar* court identified several reasons why the class members may not have been exposed to any alleged misrepresentations or omissions by the defendant, Goodman, including that:

> (1) many members of the class never purchased the air conditioners, and instead, purchased real property already containing one; (2) Goodman markets its air conditioners almost exclusively to contractors, meaning representations are unlikely to have been made to the consumers; and (3) most putative class members did not view any brochures or websites which allegedly contained the misleading material prior to purchasing an air conditioner.

*Id.*, at *12.

In that vein, Defendant has produced evidence that "many consumers do not review central AC system product brochures or the websites of AC manufacturers, and thus would be unlikely to be exposed to a disclosure of an alleged defect." Hanssens Rep., [DE 101–17 ¶ 53].[5] The issue of the causation element of FDUPTA appears to involve individual inquiry, and thus cuts against class certification.

Third, Defendant, based on its experts' reports, argues that damages calculations will necessarily be individualized. In response, Plaintiff proposes to use a price premium diminished value approach to calculating damages using a conjoint method for measuring consumer willingness to pay. While Plaintiff admits that this calculation has yet to be performed, Plaintiff asserts that it will produce a uniform diminution in value damages based on the difference between an AC with and without Rheem Coils. Plaintiff also proposes a second method to calculate classwide damages through a "curable functional obsolescence model." [6] In *Sanchez–Knutson v. Ford Motor Co.*, 310 F.R.D. 529, 535–36 (S.D. Fla. 2015), this Court found that it was acceptable that the proposed conjoint analysis had not yet been conducted and found that the model was "sufficiently tied to Plaintiff's legal theory and her proffered evidence that her Explorer shares the same defect as all others in its product line." *Sanchez–Knutson v. Ford Motor Co.*, 310 F.R.D. 529, 539 (S.D. Fla. 2015). Regardless of whether Plaintiffs would be able to demonstrate damages on a common classwide basis, as the first two prongs of the FDUTPA cause of action cut against certification, the Court finds that Plaintiffs have not met their burden of demonstrating the common issues predominate as to the FDUTPA claim.

### ii. Unjust Enrichment Claim

Under Florida law, the elements of unjust enrichment are: " '(1) a benefit conferred upon a defendant by the plaintiff, (2) the defendant's appreciation of the benefit, and (3) the defendant's acceptance and retention of the benefit under circumstances that make it inequitable for him to retain it without paying the value thereof.' " *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1270 (11th Cir. 2009) (quoting *Rollins, Inc. v. Butland*, 951 So.2d 860, 876 (Fla. 2d DCA 2006)). The Eleventh Circuit has explained that for an unjust enrichment claim "a court must

---

**5.** Plaintiff's rebuttal expert Melissa Pittaoulis takes issue with the methodology of the survey evidence; however, Plaintiff fails to offer rebuttal evidence at this juncture.

**6.** Plaintiffs failed to disclose affirmative expert testimony. *See* [DE 82 at 1]. Defendant disclosed Dr. Stephen Prowse and Dr. Dominique Hanssens. Magistrate Judge Snow permitted Plaintiffs, on their motion, an extension of time "to serve reports limited to rebutting those served by the Defendant." [DE 82 at 2]. Plaintiffs have since produced reports from two rebuttal experts: (1) Frank Bernatowicz, in rebuttal to Dr. Prowse; and (2) Dr. Melissa Pittaoulis, in rebuttal to Dr. Hanssens. Defendant's response relies in part on its motions to strike portions of both Bernatowicz and Pittaoulis's expert reports for exceeding the scope of rebuttal. Magistrate Judge Snow issued an Order on April 7, 2016, striking only the portions of Bernatowicz's declaration, which provide his opinion as to unjust enrichment damages, and striking no portion of Pittoulis's declaration. [DE 113].

examine the particular circumstances of an individual case and assure itself that, without a remedy, inequity would result or persist," and thus, courts "have found unjust enrichment claims inappropriate for class action treatment." *Vega v. T–Mobile USA, Inc.*, 564 F.3d 1256, 1274 (11th Cir. 2009). Plaintiffs address this argument briefly in a footnote in their Reply, stating merely that "Rheem misreads the law" and without offering any competing caselaw. In light of this individual inquiry, and the issues presented with respect certifying the FDUTPA claim, the Court agrees with Defendants that class certification should be denied as to the unjust enrichment claim as well.

## IV. Conclusion

As the Court has found ascertainability and Rule 23(b)(3) predominance to be lacking, the Court finds that class certification is not appropriate under Rule 23(b)(3) and will not discuss the remaining requirements of typicality, adequacy of representation, or superiority. As an alternative to a Rule 23(b)(3) class, Plaintiffs propose certification of a liability-only issue class pursuant to Rule 23(c)(4), which provides that "[w]hen appropriate, an action may be brought or maintained as a class with respect to particular issues." Fed. R. Civ. P. 23(c)(4). Defendant argues that Plaintiffs' alternative request to obtain certification of a liability-only issue class pursuant to Rule 23(c)(4) is an attempt to circumvent Plaintiffs' failure to demonstrate Rule 23(b)(3) predominance. In any event, the Court is not satisfied that a liability-only class would be amenable to class treatment for the reasons elaborated above.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that the Motion [DE 88] is **DENIED.**

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 27th day of April 2016.